Moses Arthur DEAN and Willie J. Matthews, Plaintiffs-Appellants,

v.

Mr. and Mrs. Donald ASHLING et al., Defendants-Appellees.

No. 26708.

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

Rehearing Denied April 30, 1969.

Bruce S. Rogow, Blair C. Shick, Miami, Fla., for appellants. Martin Garbus, New York City, Howard W. Dixon, Alfred Feinberg, Miami, Fla., of counsel.

Thomas J. Walsh, Homestead, Fla., Starr W. Horton, William B. Roman, Miami, Fla., for appellees.

Before PHILLIPS*, BELL, and MORGAN, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from an order of the district court dismissing without prejudice a complaint seeking an injunction against trailer park operators who are alleged to have refused space to Negroes in violation of the public accommodations statute, Title II of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000a.[1] We conclude that the district court applied an improper legal standard and that the judgment must be reversed and the case remanded for further proceedings.

The evidence, from Negro trailer owners and a Miami Community Relations Board employee, as well as from the trailer park operators, demonstrated that the parks had not theretofore been open to Negro trailer owners and that this practice was continuing at the time of the hearing. The case went off on the proposition that the plaintiffs failed to prove that space was available in the parks at the time of the applications in question. Having reached this determination, the court found it unnecessary to reach the further question of the applicability of the public accommodations statute to the trailer parks on the basis of their catering to transient trade.

The statute applies to any "other establishment which provides lodging to transient guests." Nothing in the legislative history suggests that anyone considered trailer parks.[2] In determining which other establishments are intended to be covered, one must consider the situation which gave rise to the act and the wrong which Congress sought to remedy. The Supreme Court in Heart of Atlanta Motel v. United States, 1964, 379 U.S. 241, 253, 85 S.Ct. 348, 13 L.Ed.2d 258, 266, summarized the legislative history of the act:

> "This testimony indicated a qualitative as well as quantitative effect on interstate travel by Negroes. The former was the obvious impairment of the Negro traveler's pleasure and convenience that resulted when he continually was uncertain of finding lodging. As for the latter, there was evidence that this uncertainty stemming from racial discrimination had the effect of discouraging travel on the part of a substantial portion of the Negro community."

It would appear that the Negroes' problem upon rejection at a trail-

---

* Of the Tenth Circuit, sitting by designation.

1. 42 U.S.C.A. § 2000a:
   (a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the grounds of race, color, religion, or national origin.
   (b) Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
   (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence.

2. Bureau of National Affairs, The Civil Rights Act of 1964, p. 82.

er park is the same as upon rejection at a motel or hotel. The effect on interstate commerce is the same. Thus we hold that a trailer park is an "other establishment which provides lodging to transient guests" within the meaning of the Act. 42 U.S.C.A. § 2000a(b) (1), Footnote 1, supra.

■ On remand, it will be necessary for the district court to make findings with respect to whether the parks here were in the business of serving transient guests. Although this is a matter for the district court in the first instance, there is considerable evidence of such service in the present record. For example, the Coral Roc, operated by defendant Ashling, was visible from a U. S. Highway, advertised in a national trailer and camping directory, and had fourteen spaces for overnight rental. The Royal Colonial, operated by defendant Cheesman, admittedly had twenty-four spaces for overnight rental and advertised in national directories. Leisure Mobile Home Park, operated by defendant Vellanti, admitted providing space to independent trailers for periods of two days and more, although it would not rent for one-night stays. The Isla Gold, operated by defendant Tholl, admittedly provided overnight accommodations. It was located on a U.S. Highway and advertised on the highway. Indeed, the trailer park was operated out of the same office as an adjoining motel. In short, these parks provided short-term accommodations to travelers similar to that provided by hotels or motels.

We come next to the question of burden of proof. The statute, 42 U.S.C.A. § 2000a–3(a), provides:

Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved * * *.

■ Viewed on the basis of whether defendants were engaging in a proscribed practice, it is clear that plaintiffs made out a prima facie case in light of the testimony of the trailer park operators alone. Their policy had been not to take Negro applicants. They had not adopted a new policy. The burden should have been then cast on the park operators to justify the refusal of space to plaintiffs, i. e., that the refusal was not for reasons of race.

■ This approach differed from the approach taken by the district court and therein lies the error of the district court. The whole question, according to the district court was whether plaintiffs carried the burden of proving that they were denied space because of their race. This entailed proving that the parks actually had space available at the time plaintiffs were denied. This was an excessive burden in view of the provision of the statute. Plaintiffs needed to show no more than that the policy or practice of the parks was to deny Negroes and that they were in fact denied. The burden then should have been shifted to the trailer park operators to justify the denial.

The judgment of dismissal must be reversed and on remand the district court should determine whether the defendants had a policy or practice of not renting space to Negroes. If so, and it also appears that any plaintiff was aggrieved by this policy or practice, then the injunction contemplated by the statute, 42 U.S.C.A. § 2000a–3(a), should issue.

The further question, also not reached by the district court, of the propriety of a class action is also left for consideration on remand. The further proceedings may be on the same record or as supplemented, all in the discretion of the district court.

Reversed and remanded for further proceedings not inconsistent herewith.