Laurack D. BRAY, Plaintiff,

v.

**RHT, INC., as a corporation and Chuck Hebble, individually, and as agent and employee of RHT, Inc., Defendants.**

No. CA 89–1477 SSH.

United States District Court, District of Columbia.

Aug. 17, 1990.

4

Laurack D. Bray, Washington, D.C., pro se.

H. Patrick Donohue, Rockville, Md., for defendants.

MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiff's motion for partial summary judgment, defendants' motion to dismiss, and defendants' motion for summary judgment. Upon consideration of the motions, the oppositions and replies thereto, and the entire record herein, plaintiff's motion is denied and defendants' motion for summary judgment is granted.

*Background*

Plaintiff Laurack D. Bray is a 41–year-old black male and a 1984 graduate of Howard University Law School. During law school, Bray was a regular weekend patron of Rumors, a restaurant and bar in downtown Washington. Bray moved to California in 1984, and upon returning to the District of Columbia in 1986, he again frequented Rumors until 1989.

On April 21, 1989, Bray entered Rumors and sat down by himself. A waitress soon approached Bray and asked whether he wanted to order; Bray allegedly responded that he would be ready to order in a few minutes. Soon thereafter, the Rumors doorman asked plaintiff to accompany him outside. The doorman had been ordered by the manager, Chuck Hebble, to inform plaintiff that he was to leave the premises. Plaintiff went to speak with Hebble. Plaintiff alleges that Hebble placed his hand on plaintiff's shoulder and stated that: "You're loitering, you're not drinking, and you're not eating." After a brief discussion, Bray left Rumors.

Prior to April 21, 1989, plaintiff never experienced any difficulties as a Rumors

customer. On April 21, plaintiff was not the subject of any racially offensive remarks. Furthermore, on April 21, plaintiff was not told that he could not come back to Rumors. In fact, plaintiff returned the very next day and did not experience any problems. In spite of these undisputed facts, plaintiff filed a seven-count complaint seeking $400,000 in compensatory and punitive damages.

### Discussion

Counts I and II of the complaint allege that plaintiff was asked to leave Rumors because he was black, in violation of 42 U.S.C. § 1981 (1981), the Thirteenth Amendment to the Constitution, and 42 U.S.C. § 2000a (1981). The five remaining counts are pendent state law claims as they share a common nucleus of operative facts with the federal civil rights claims. *See Mine Worker v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

### Counts I and II:

### Violations of 42 U.S.C. §§ 1981, 2000a

Under Rule 56 of the Federal Rules of Civil Procedure, there can be no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* 106 S.Ct. at 2511. Moreover, the mere existence of a scintilla of evidence in support of plaintiff's position is insufficient to prevent the granting of summary judgment. *Id.* at 2512.

■ Section 1981 prohibits racial discrimination in the making and the enforcement of private contracts. *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132 (1989). In order to pursue a cause of action under § 1981, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. *Jaffe v. Federal Reserve Bank of Chicago*, 586 F.Supp. 106, 109 (N.D.Ill.1984). Rather, plaintiff must allege some facts that demonstrate that his race was the reason for defendant's actions. *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982).

■ On April 21, a Rumors' employee offered to sell plaintiff a drink or food; however, it was plaintiff who refused to make a purchase. Presuming that transactions between a patron and a restaurant could be characterized as a contractual relationship, plaintiff has not even presented a scintilla of evidence that he was prevented from entering into a "contractual" relationship with Rumors due to his race, in violation of § 1981. Plaintiff was served drinks and admitted into Rumors on hundreds of occasions without ever being refused service. Furthermore, he returned the next day and was not refused service.

■ Count I also alleges a violation of the Thirteenth Amendment to the Constitution. However, the amendment does not give rise to an independent cause of action. *Westray v. Porthole, Inc.*, 586 F.Supp. 834, 838–39 (D.Md.1984). Plaintiff must avail himself of remedies, such as § 1981, that Congress has created under the power granted to it in the Thirteenth Amendment. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ Section 2000a prohibits discrimination or segregation in places of public accommodation. Yet, the Supreme Court has been clear in that the substantive rights to public accommodations defined in § 2000a and § 2000a–1 are to be enforced exclusively by injunction. *Adickes v. Kress & Co.*, 398 U.S. 144, 150–51 n. 5, 90 S.Ct. 1598, 1604–05 n. 5, 26 L.Ed.2d 142 (1970); *United States v. Johnson*, 390 U.S. 563, 567, 88 S.Ct. 1231, 1234, 20 L.Ed.2d 132 (1968). Congress deliberately provided no damage remedy for violations of the public accommodations provisions. *Adickes*, 398 U.S. at 150–51 n. 5, 90 S.Ct. at 1604–05 n. 5. Plaintiff seeks damages, not an injunction. In any event, from the facts presented, there is absolutely no proof that blacks are prevented from entering Rumors to justify an injunction.

*Pendent State Law Claims*

▇ Plaintiff has also asserted claims of defamation, intentional infliction of emotional distress, assault, battery, and violations of the District of Columbia prohibition on discrimination in places of public accommodation. In light of this Court's granting of summary judgment to defendant's on counts I and II, retaining pendent jurisdiction is unwarranted. *Rowe v. Kidd,* 731 F.Supp. 534, 540 (D.D.C.1990). The case law in this Circuit clearly establishes that "when state and federal claims are joined and the federal claims are dismissed before trial, the state claims should ordinarily be dismissed as well." *Id.* at 540–41 (citing *Network Project v. Corporation for Public Broadcasting,* 561 F.2d 963, 970 (D.C.Cir.1977), *cert. denied,* 434 U.S. 1068, 98 S.Ct. 1247, 55 L.Ed.2d 770 (1978)). Accordingly, it hereby is

ORDERED, that defendants' motion for summary judgment on counts I and II is granted. It hereby further is

ORDERED, that plaintiff's pendent state law claims are dismissed without prejudice (although it would be sorely wasteful if this frivolous action were pursued in another forum).

SO ORDERED.