Julia E. JACKSON, et al., Plaintiffs,

v.

TYLER'S DAD'S PLACE, INC.,
et al., Defendants.

Civ. A. No. 92–1519.

United States District Court,
District of Columbia.

April 21, 1994.

David H. Shapiro, Washington, DC, for plaintiffs.

Sanford M. Saunders, Washington, DC, for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Before the Court are a motion for summary judgment filed by defendants Tyler's Dad's Place, Inc. and Michael Sternberg, and a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed by defendants Karen Sternberg, Larry Work, and Tad Work.[1] After consideration of the entire record and for the reasons given herein, the Court grants in part both motions.

### Background

Plaintiffs Julia Jackson and Mildred Smith are two African American women employed by the Equal Opportunity Employment Commission ("EEOC"). They contend that they were denied seating because of their race and/or sex in Sam & Harry's, a restaurant in the District of Columbia owned by defendant corporation Tyler's Dad's Place and operated by defendant Michael Sternberg.[2] Recovery for this alleged discrimination is sought under the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq., and the District of Columbia Human Rights Act, D.C.Code § 1-2501 et seq.

Despite assertions by plaintiffs to the contrary, the facts of this case are essentially not in dispute. On Friday, June 28, 1991, plaintiffs left their offices at the EEOC intending to have lunch at Sam & Harry's sometime between 12:15 and 12:45 p.m. It is undisputed that plaintiffs did not make reservations. Upon arrival at Sam & Harry's, plaintiffs were met by defendant Michael Sternberg and a hostess. Mr. Sternberg informed plaintiffs that the main dining room was booked with preexisting reservations, but that seating was available at the bar or at the high top tables in the bar area. Rather than accept bar service, however, plaintiffs left Sam & Harry's "to lunch elsewhere". Plaintiffs' opposition, p. 13. At the time of this exchange it appears that at least three tables in the main dining room were unoccupied.

Soon after plaintiffs left the restaurant, Ms. Jackson telephoned Sam & Harry's to make reservations for two. She claims that during the phone call she was told that reservations were available and that the restaurant was not crowded. In any event, it is undisputed that Ms. Jackson made the reservations and that she and Ms. Smith returned to Sam & Harry's approximately an hour after the initial incident.

It is also undisputed that upon their return plaintiffs *never* asked to be seated. Instead they immediately questioned the hostess as to why they had not been seated at one of the tables vacant during the earlier visit. The hostess summoned defendant Michael Sternberg who told plaintiffs that the tables were vacant because several parties had cancelled their reservations. According to plaintiffs the conversation became more heated and Sternberg stated "in a nasty manner ... 'I don't know why you couldn't eat at the bar. Anyway, I'm not going to argue about it. You can leave now!'" Complaint, ¶ 18. Defendants quote Mr. Sternberg as saying "[i]f you're here to argue with me, you can leave. I don't have to argue with you." Defendants' motion, p. 5.

It is clear that the conversation between the parties became heated and plaintiffs were

---

1. Because the Court considers material outside the pleadings, this motion to dismiss will be treated as one for summary judgment.

2. The remaining defendants are officers and/or directors of the corporation.

asked to leave. It is also clear that at no time were plaintiffs subjected to any racial or sexual comments. In fact, because plaintiffs never asked to be seated during the second visit, it is not at all clear that they would have been denied seating in the main dining room. Despite this, plaintiffs seek $50,000 in compensatory damages and $375,000 in punitive damages.

## Analysis

### I. Standard of Review

▮▮▮▮ Federal Rule of Civil Procedure 56(c) permits a court to grant summary judgment when the evidence in the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact [3] or that the opposing party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex v. Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. When the moving party has carried its burden, the burden shifts to the nonmoving party to "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (citations omitted) (emphasis in original). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356. If the evidence provided is merely colorable, or not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

### II. Motion by Defendants Tyler's Dad's Place and Michael Sternberg

#### A. Statutory Basis for Claims of Race and Gender Discrimination

▮▮▮▮ Plaintiffs bring claims of both race and gender discrimination. However, neither of the federal statutes cited provides causes of action for gender discrimination. It is well established that 42 U.S.C. § 1981 does not provide a cause of action for sex discrimination. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Similarly, 42 U.S.C. § 2000a, which prohibits discrimination or segregation in places of public accommodation, does not proscribe discrimination on the basis of sex. *Whitten v. Petroleum Club of Lafayette*, 508 F.Supp. 765, 772–73 (W.D.La.1981). Although plaintiffs do not explicitly state this, the only basis for their claim of sex discrimination is D.C.Code § 1–2501. Therefore, the Court's inquiry into violations of § 1981 and § 2000a will be limited to allegations of racial discrimination.

#### B. Violations of Federal Civil Rights Statutes

▮▮▮▮ Plaintiffs claim that the owners and operators of Sam & Harry's violated § 1981 which prohibits racial discrimination in the making and enforcing of private contracts.[4] *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In seeking relief under § 1981, plaintiffs must do more than simply "invoke [their] race in the course of a claim's narrative [to] automatically be entitled to pursue relief." *Bray v. RHT*, 748 F.Supp. 3, 5 (D.D.C.1990), *aff'd*, 976 F.2d 45 (D.C.Cir.1992) (*citing Jaffe v. Federal Reserve Bank of Chicago*, 586 F.Supp. 106, 109 (N.D.Ill.1984)). To defeat even summary judgment, plaintiffs must allege some facts "establishing a reasonable inference that the defendant's proffered explanation is unworthy of credence." *Clifton Terrace Assoc. v. United Technologies*, 929 F.2d 714, 722 (D.C.Cir.1991); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982) (plaintiffs must allege some facts demonstrating that race was the reason behind defendant's actions).

▮▮▮▮ Plaintiffs have failed to allege any facts supporting their charge that they were

---

3. To determine whether there is a genuine issue as to a material fact, it is proper for the Court to rely on the pleadings, depositions, affidavits and answers. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

4. Neither side contests that such a contractual relationship can exist between a restaurant and a patron.

denied seating in the main dining room because of their race. During their first visit to Sam & Harry's plaintiffs were invited to dine in the bar area but refused. There is no evidence that white patrons who arrived without reservations were seated in the main dining room.

Later, after plaintiffs had made reservations, there is no evidence that they would have been refused seating in the main dining room. Rather than requesting to be seated, plaintiffs instead immediately questioned why they had not been seated earlier and a heated conversation ensued. Even assuming plaintiffs' version of Mr. Sternberg's comments are true, the statement "I don't know why you couldn't eat at the bar. Anyway, I'm not going to argue about it. You can leave now!" does not provide even a scintilla of evidence that defendants' actions were racially motivated.

We are left with two bald assertions, that tables were empty during both visits and that plaintiffs saw no black customers or staff. Defendants dispute that during the first visit these tables were actually available and not already reserved.[5] The Court believes that neither assertions raise even a metaphysical doubt as to a material fact. *See Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *see also Doe v. Roe*, 841 F.Supp. 444, 448 (D.D.C. 1994) (minor discrepancies between accounts do not raise a genuine issue of fact). We conclude that no evidence exists to support plaintiffs' assertion that they were denied the opportunity to enter into a contractual relationship with the restaurant because of their race.[6] *Bray*, 748 F.Supp. at 5; *see also Clifton*, 929 F.2d at 722 (summary judgment is appropriate when evidence proffered by plaintiffs is consistent with defendants' explanation for their actions).

■ Plaintiffs also seek relief under § 2000a which empowers the Court to enjoin future discrimination or segregation in places of public accommodation. *Adickes v. Kress*

& *Co.*, 398 U.S. 144, 150–51, 90 S.Ct. 1598, 1604–05, 26 L.Ed.2d 142 (1970). As the Supreme Court noted, "[if a plaintiff] obtains an injunction, he does so not for himself alone but also as a 'private attorney general'." *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *see* 42 U.S.C. § 2000a–3. To succeed, plaintiffs must present sufficient evidence to constitute a *prima facie* case of racial discrimination. *Dean v. Ashling*, 409 F.2d 754, 756 (5th Cir.1969). As stated previously, there is no such evidence that Sam & Harry's refused service to blacks. Therefore, plaintiffs' prayer for an injunction under § 2000a must be denied.

### C. Plaintiffs' Claims Under D.C. Human Rights Act

■ The District of Columbia Human Rights Act ("DCHRA"), D.C.Code § 1–2501 *et seq.*, expressly prohibits discrimination based on race and sex. Our authority to consider this claim rests upon pendent jurisdiction. The Court of Appeals for the D.C. Circuit has explicitly held that once a district court determines that no substantial cause of action exists under federal civil rights statutes, it "lack[s] a solid basis for subject matter jurisdiction." *Clifton*, 929 F.2d at 723. Because the *Clifton* court concluded that there existed a paucity of District of Columbia precedent interpreting the DCHRA with respect to "refusal to deal" cases,

[i]t was appropriate under the circumstances for the court to dismiss [the DCHRA] claims for lack of pendent jurisdiction rather than to address the merits of these novel nonfederal claims.

*Id.* (*citing UMW v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)).

As the Court is not aware of any more recent local cases interpreting the DCHRA in the context of this action,[7] we believe the *Clifton* holding still applies. Therefore, plaintiffs' claim under the DCHRA is dis-

---

5. Defendants do not dispute that several tables may have been physically unoccupied.

6. Plaintiffs never asked to be seated during the second visit and therefore never sought to enter a contractual relationship on that occasion.

7. The D.C. Court of Appeals has had more occasion to interpret the DCHRA in the context of employment discrimination. *See e.g. Arthur Young & Co. v. Sutherland*, 631 A.2d 354 (D.C. 1993).

missed without prejudice to plaintiffs' ability to pursue it in D.C. Superior Court.

### III. *Motion by Karen Sternberg, Larry Work, and Tad Work*

The remaining three defendants request judgment be entered in their favor on the grounds that as officers and/or directors of the corporate defendant Tyler's Dad's Place, they are not liable because plaintiffs fail to allege any act on their part which aided, abetted, directed, or compelled the discrimination.[8] The Court, however, need not address these issues. To the extent plaintiffs' claims against these three defendants rely on federal grounds, there is no evidence that such discrimination occurred. Therefore, judgment must also be entered for defendants Karen Sternberg, Larry Work, and Tad Work as to all federal claims. To the extent plaintiffs' claims rely on the DCHRA, we conclude that *Clifton* prevents us from entering judgment. Therefore, to the extent plaintiffs' claims against the three officer/director defendants are based on the DCHRA, we dismiss these claims without prejudice to plaintiffs' ability to pursue them in D.C. Superior Court.

### Conclusion

For the foregoing reasons the Court finds plaintiffs' federal claims to be wholly without merit. The uncontroverted material facts do not even suggest that defendants' actions were causally related to plaintiffs' race. This Court lacks the pendent jurisdiction to decide plaintiffs' claims of race and sex discrimination under D.C. law. Therefore, partial summary judgment is entered for all defendants as to the federal claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, and the remaining claims are dismissed without prejudice to plaintiffs' ability to pursue them in a court of local jurisdiction.

An order in accordance with this opinion has been entered this date.

### ORDER

Upon consideration of defendants Tyler's Dad's Place, Inc. and Michael Sternberg's motion for summary judgment and defendants Karen Sternberg, Larry Work and Tad Work's motion to dismiss which shall be treated as a motion for summary judgment, it is, this 20th day of April, 1994, hereby

ORDERED that both motions for summary judgment are granted as to all federal claims; and it is

ORDERED that plaintiffs' claims under D.C. law are dismissed without prejudice to plaintiffs' ability to pursue them in a court of local jurisdiction; and it is

FURTHER ORDERED that this case is dismissed with prejudice.

---

8. This motion was filed by these three defendants in lieu of an answer.