**William A. CARROLL, Plaintiff,**

v.

**Fred C. MERRIWETHER, Defendant.**

**Civil Action No. 96–00518.**

United States District Court,
District of Columbia.

March 28, 1996.

William A. Carroll, Gaithersburg, MD, Pro Se.

John Moseley M. Coles, Jr., Columbia, MD, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter involves a dispute regarding the preparation of a tax return. Plaintiff has filed this Complaint *pro se.*

## FACTS

Plaintiff contacted Defendant In February 1995, for assistance in preparing his tax return. Plaintiff was not satisfied with the service provided and took his return to H & R Block for completion. Apparently, there was a misunderstanding between the Plaintiff and the Defendant regarding who should file the tax return. Both Plaintiff and Defendant filed 1994 tax returns in Plaintiff's name. The tax return prepared by Defendant claimed a refund of $3,650.00. The return filed by the Plaintiff claimed a refund of $3,643.00, a difference of $7.00.

Plaintiff has sued defendant seeking:

1. Interest on his yet received claimed refund;

2. Return of the $130.00 fee charged by Defendant;

3. Return of a $28.00 fee paid to a Columbus, Ohio, bank, which is not discussed in the Complaint;

4. Court cost and fees

5. $200.00 for "Other fees associated with the documentation of Tax audit trail"

6. Punitive Damages in the amount of $100,000

## ANALYSIS AND DECISION

■ Plaintiff's complaint is deficient on its face in that it states no basis for this Court to assert subject matter jurisdiction. This Court takes judicial notice of the fact that Plaintiff has listed a Maryland address and Defendant has a Washington, D.C., address. Thus, the Court assumes that Plaintiff is attempting to assert jurisdiction based upon diversity of citizenship.

28 U.S.C. § 1332 provides, in relevant part:

(a) The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States * * *

The **most** generous calculation of Plaintiff's prayer for relief results in an amount in controversy of $358.00. Plaintiff evidently wishes to establish subject matter jurisdiction via his claim for punitive damages. Plaintiff has provided no basis for asserting any amount of punitive damages let alone a claim so grossly out of proportion with the actual damages claimed.

■ A district court has wide discretion in evaluating a claim for punitive damages when such damages are claimed to confer federal jurisdiction. *Ehrenfeld v. Webber,* 499 F.Supp. 1283 (D.C.Me.1980). When it appears that a claim for punitive damages comprises the bulk of the amount in controversy and may have been asserted solely for the purpose of conferring jurisdiction, the claim must be given "particularly close scrutiny" *Packard v. Provident Nat. Bank,* 994 F.2d 1039, 1046 (3rd Cir.1993). This is especially true in a diversity action. *Bewley v. Sims,* 438 F.Supp. 708 (D.C.Md 1977).

Reading the Complaint in the light most favorable to the Plaintiff, it is clear that his claim for punitive damages is utterly frivolous. It is yet another example of our litigation-crazed society escalating minor disputes into needless and wasteful litigation. Plaintiff's claim of punitive damages is in no way related to the actual damage he alleges he suffered. The Complaint contains no facts to support either the amount of punitive damages requested or that Plaintiff would be entitled to an award of punitive damages. It is apparent that Plaintiff's punitive damage claim is boot-strapping designed to reach the jurisdictional amount and has no basis in either fact or law. Plaintiff's claim is not properly before this Court. If Plaintiff wishes to pursue this matter further, he can more appropriately assert his claim in Small Claims Court.

The Complaint will be dismissed for want of subject matter jurisdiction. An appropriate Order follows this Memorandum Opinion.

## ORDER

For the reasons stated in the Court's Memorandum Opinion of this date, it is hereby **ORDERED** that Plaintiff's Complaint be **DISMISSED without prejudice.**