# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:23-cv-00558 (UNA) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| GOVERNMENT, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on review of plaintiff's application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2, and *pro se* complaint, ECF No. 1.  The court will grant the IFP application, and for the reasons discussed below, it will dismiss the complaint without prejudice for want of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues the District of Columbia, its Mayor, its "Police Training Department," and Officer "J. Trumble" of the "D.C. Parking Enforcement Agency."   Plaintiff states that he is an elderly disabled resident of an apartment complex on Maryland Avenue.  He alleges that Parking Enforcement officers, including Officer Trumble, have ignored his handicapped placard, and unfairly issued him traffic citations for having illegally parked his vehicle in a Metro bus lane.  He also seems to allege that this bus lane, and others, are improperly drawn, extending longer than the maximum "90 feet" allowed by zoning, but he does not point to any specific authority to support this contention.  He alleges that these Parking Enforcement officers are improperly trained and are interfering with the authority of the D.C. Police Department and D.C. Metro Transit Police. He appears to contend that the Parking Enforcement Agency is intentionally targeting local residents who are Black, elderly, and/or

disabled, in violation of their rights. In support, he cites only to amendments to the Washington Metropolitan Area Transit Authority's Interstate Compact Agreement, D.C. Code § 9–1109.11, and to the Federal Land Policy and Management Act of 1976 ("FLPMA"), PL 94-579, codified by 43 U.S.C. 1701, *et seq*. He demands both equitable relief and damages.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Here, there is no diversity of citizenship, because all parties are located in the District of Columbia. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.")).

Furthermore, the complaint fails to state any federal question. *See* 28 U.S.C. § 1331. Plaintiff cites to the Interstate Compact Agreement and the FLPMA, but it is unclear what applicability, if any, these authorities have to plaintiff's intended claims and the relief sought, or how they would provide him with a private right of action.

Although plaintiff does not invoke 42 U.S.C. § 1983, the court recognizes that a private cause of action may exist against an individual or a municipality that, under color of state or District of Columbia law, deprives another individual of a federal constitutional or statutory right. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978); *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). The statute, however, "is not itself a source of substantive rights; rather, it is a method of vindicating federal rights conferred elsewhere." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 192 (D.D.C. 2015) (citing *Albright v. Oliver*, 510 U.S. 266, 269–70 (1994) and *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Plaintiff's allegations fall well short of the bar to establish a *Monell* claim because they, *inter alia*, fail to implicate any constitutional or federal statutory right. Plaintiff passingly references alleged constitutional violations but does not specify which, if any, of his constitutional rights were violated, nor does not provide any additional context to make out a colorable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true"). Moreover, as here, a plaintiff cannot merely invoke race, age, or disability, "in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990). As such, without more, these claims should be contested in the Superior Court of the District of Columbia.

Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton*, 85 F. Supp. 3d at 193. And a federal question must "affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Consequently, this case will be dismissed without prejudice. Plaintiff's motion for injunctive relief/declaratory judgment, ECF No. 3, raising the same allegations as those raised in the complaint, is denied for the same above-stated reasons. A separate order accompanies this memorandum opinion.

Date:   April 12, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge