# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TIFFANY A PARKES, )
)
  Plaintiff, )
)
  v. )   Civil Action No. 1:24-cv-02374 (UNA)
)
BELGA CAFÉ/THE BETSY, *et al.*, )
)
  Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No 2. The court grants Plaintiff's IFP application and, for the reasons discussed below, dismisses this matter without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiff, a resident of New York, sues Belga Café/the Betsy, a restaurant located in the District of Columbia, and its owner, Bart Vandaele, a resident of Virginia. *See* Compl. at 1–4. She alleges that, on June 8, 2024, she dined at Belga Café, and while dining, she suffered a series of slights, including the presentation of the wrong menu, purported miscalculation of the "suggested tip," and her server's demonstrable annoyance. *See id*. at 5–7. Shortly after finishing her meal, and while on her way home, she experienced the build-up of "excess saliva," which she attributes to a "foreign agent" that her server, or another staff member at the Belga Café, allegedly placed on her food, her utensils, or her water bottle—which she contends was suspiciously handled by the staff. *See id.* at 4–8. She then spit seven times, finding that her saliva looked "abnormal," and "white and foamy," but after spitting for the eighth time, it was clear and normal. *See id.* at 7. She "did not go to the hospital because [she] [does] not trust medical staff to be professional and provide accurate/true results." *Id.* On June 12, 2024, she returned to Belga Café to speak with

the general manager and owner about her experience, secretly recording their conversation, and she was left unsatisfied by this interaction. *See id*. at 5, 7. Plaintiff alleges that Defendants violated the Civil Rights Act of 1964 and 46 C.F.R. § 5.29 and demands $2 million in damages, alleging she must now bring her own cutlery to restaurants because she is "cautious and skeptical" of potential contamination. *See id.* at 4.

First, Plaintiff has failed to state a claim under the Civil Rights Act. Plaintiff does not specify which provision of the Civil Rights Act she relies upon, but the Court presumes that she relies on Title II, which provides that "[a]ll persons should be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation," 42 U.S.C. § 2000a(a), including "any restaurant . . . principally engaged in selling food for consumption on the premises," *id*. § 2000a(b)(2). Title II prohibits discrimination in places of public accommodation based on "race, color, religion, or national origin," *id.* § 2000a(a); *see Delk v. PNC Bank, N.A.*, No. 23-1365, 2024 WL 4280827, at *9 (D.D.C. Sept. 9, 2024) (noting same and explaining that only race, color, religion, or national origin are protected characteristics under Title II).

To state a claim under Title II, a plaintiff must establish that (1) she is a member of a protected class; (2) she attempted to contract for services for the full benefit and enjoyment of a public accommodation; (3) she was denied the right to contract for those services and thus denied those benefits and enjoyments; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better. *See Foster v. Howard Univ. Hosp.*, No. 06-244, 2006 WL 2938701, at *3 (D.D.C. Oct. 13, 2006) (citation omitted).

Although Plaintiff has made note of her race and the races of the Belga Café staff and the other patrons, she has proposed no actual facts supporting any alleged discrimination based on her

race, nor has she clearly explained how other similarly situated patrons were treated better than her. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (holding that "bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true"). Plaintiff cannot "merely invoke h[er] race in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990); *see also Delk*, 2024 WL 4280827, at *9–10 (noting that "a complaint must provide factual allegations that at least show a 'nexus between defendants' alleged discriminatory motive and the adverse action[,]'" and finding that the plaintiff's broad allegations that he was treated differently based on his race, as compared to other similarly situated customers not of his race, did not "support a plausible inference that" defendant's denial of services was due to his race) (quoting *Easaw v. Newport*, 253 F. Supp. 3d 22, 30 (D.D.C. 2017)). Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" of a claim to violation of a fundamental right. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Second, Plaintiff has no private right of action under 46 C.F.R. § 5.29. *See Carlson v. County of Ramsey, Minn.*, No. 16-765, 2016 WL 3352196, at *7 (D. Minn. June 15, 2016), *aff'd*, 673 Fed. Appx. 601 (8th Cir. 2017) (per curiam). Section 5.29 "defines negligence for purposes of administratively revoking credentials and licenses issued by the U.S. Coast Guard to merchant mariners." *Id.* (citing 46 C.F.R. §§ 5.3, 5.5). Even if a private right of action were available under the statute, it bears no applicability to the named Defendants or the allegations presented in this case. *See id*.

Finally, in light of the allegations presented and the alleged injury sustained, Plaintiff's claim for $2 million in damages is frivolous. *See Shells v. NRA*, 2023 WL 11658586, at *1 (D.D.C. Sept. 13, 2023) (dismissing complaint for lack of subject matter jurisdiction where plaintiff

demanded a "frivolous amount" in damages and made "no other attempt to quantify damages[.]")
(citing *Carroll v. Merriwether*, 921 F. Supp. 828, 830 (D.D.C. 1996) (dismissing complaint for lack of subject matter jurisdiction where plaintiff's alleged amount in controversy was "utterly frivolous")).

For these reasons, Plaintiff has failed to state a claim and has failed to establish subject matter jurisdiction; therefore, the Court dismisses this case without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). A separate order accompanies this memorandum opinion.

Date: November 20, 2024

/s/_____
   ANA C. REYES
   United States District Judge