Albert WILLIAMS, Plaintiff,

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

Civ. A. No. 87-812 SSH.

United States District Court, District of Columbia.

Dec. 15, 1987.

**330**

John L. Seibel, Bethesda, Md., for plaintiff.

Sherman Robinson, Corporation Counsel's Office, Washington, D.C., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant District of Columbia's motion to dismiss the complaint or, in the alternative, for summary judgment, and on the motion of defendants Frederick Lewis and Joseph Harris to dismiss the complaint. Upon consideration of the parties' submissions and the entire record, the Court concludes that defendants' motions should be granted.

---

**1.** No appearance has been entered on behalf of Paige, and he has made no submission *pro se.*

### Background

Plaintiff alleges that at approximately 1:00 a.m. on December 25, 1985, he was sleeping in a warehouse owned by C & S Paper Storage Company. Plaintiff had become intoxicated the previous afternoon. Plaintiff alleges that he was roused by various officers of the Metropolitan Police Department (MPD), including defendant officers Lewis, Harris, and Bryan Paige.[1] According to plaintiff's account, the officers drew their guns and ordered plaintiff to climb down from the roll of paper on which he had been sleeping. Plaintiff complied immediately, climbing down and standing in front of the officers. Officer Lewis then allegedly struck plaintiff without provocation. The trained police dog, which was under Officer Lewis' direction, attacked the plaintiff, inflicting severe bite wounds to the groin area. According to the complaint, defendants then agreed to cover up their unlawful activity. As a result of the incident, plaintiff sustained painful and permanent injuries to his penis and urinary tract. He has incurred medical expenses and is likely to incur additional medical expenses in the future. Plaintiff also claims mental distress, as well as the humiliation of having been subjected to manufactured criminal charges. As a result, plaintiff filed this complaint alleging violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Plaintiff also alleges common law negligence, assault and battery, and false arrest and imprisonment. He seeks a total of $4,000,000 in compensatory damages and $20,000,000 in punitive damages. Defendants move to dismiss on procedural grounds, arguing that all but the negligence claim are barred by the applicable statutes of limitations and that the negligence claim is barred by failure to comply with the District of Columbia's notice requirement.

### Discussion

#### I. Count One

■ In his opposition to the motion of defendants Lewis and Harris to dismiss,

However, the Court's resolution of the issues results in a dismissal as to him also.

plaintiff conceded that Count One of his complaint failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981, 1985, and 1986. Defendant District of Columbia argues that the remaining claim under Count One, alleging violation of 42 U.S.C. § 1983, should be dismissed because the applicable limitations period is one year. The complaint in this case was filed approximately 15 months after the alleged injury. Plaintiff asserts that the appropriate limitations period is three years.

In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that "the borrowing principle contained in § 1988 ... is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Id.* 105 S.Ct. at 1947. In so ruling, the Court was seeking to eliminate a practice in the circuits of applying multiple statutes of limitations to claims arising under § 1983. *See id.* at 1945–47. In resolving the question of which limitations period should apply to § 1983 actions, the Court adopted the reasoning of the Tenth Circuit, agreeing that "the tort action for the recovery of damages for personal injuries is the best alternative available." *Id.* at 1947.

In *Garcia,* the Supreme Court left one important question unanswered: In states that distinguish between intentional torts and other personal injury claims for statute of limitation purposes, which limitations period should apply? This is the issue presented here. If the one-year period of limitations for intentional torts is borrowed, plaintiff's claim is barred. *See* D.C. Code § 12–301(4) (1981).[2] Conversely, if the "catch-all" provision governs, D.C.Code § 12–301(8) (1981), plaintiff had three years in which to file his claim.

The issue has not been settled in this circuit. Although the Court of Appeals for the District of Columbia Circuit recently ruled that § 1981 actions are governed by the District's three-year personal injury statute of limitations, *see Banks v. Chesapeake & Potomac Tel. Co.,* 802 F.2d 1416, 1424 (D.C.Cir.1986), the issue with respect to § 1983 claims has never been squarely presented. *See id.* at 1427.[3] At least one District Court faced with this question held that § 12–301(8) applies to § 1983 actions brought in the District of Columbia. *See Hobson v. Brennan,* 625 F.Supp. 459, 466 (D.D.C.1985). This Court respectfully declines to follow *Hobson*'s lead, finding for the reasons set forth below that § 12–301(4) should govern.

As noted, §§ 12–301(4) and (8) distinguish between intentional and negligent personal injury. Since the Supreme Court's decision in *Garcia,* three circuits that have confronted this distinction have concluded that the limitations period for intentional, rather than negligent, personal injury should be applied to § 1983 causes of action. *See Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986); *Gates v. Spink,* 771 F.2d 916 (5th Cir.1985), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986); *Jones v. Preuit & Mauldin,* 763 F.2d 1250 (11th Cir.1985), *cert. denied,* 474 U.S. 1105, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986). In reaching their conclusions as to which limitations period should be applied, all three circuits emphasized the close relationship between causes of action under § 1983 and intentional torts. In *Mulligan,* the Sixth Circuit reasoned that given congressional interest in "perpetuators [*sic*] of intentional tortious conduct," Ohio's statute of limitations for intentional tort actions "more specifical-

---

**2.** Section 12–301 governs libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest, and false imprisonment.

**3.** In *Banks,* the Court of Appeals raised the question in dictum, suggesting that "if directly confronted with the question [of which of the two personal injury statutes of limitations should apply], that § 301(8) should control claims brought under § 1983." More recently,

in *Underwood v. District of Columbia Armory Board,* 816 F.2d 769 (D.C.Cir.1987), the Court of Appeals "assume[d], without deciding the issue, that the three-year statute of limitations applied to Underwood's claims under § 1983." *Id.* at 773 n. 1. Although the decisions in *Banks* and *Underwood* may mark a possible future direction for individual judges, neither decision purported to decide this issue in this circuit.

ly encompasses the sorts of actions which concerned Congress when it enacted the civil rights statutes." *Mulligan*, 777 F.2d at 344. Similarly, the Eleventh Circuit found that the "essential nature" of § 1983 claims is more analogous to "trespass," which requires intentional causation of injury, than to "trespass on the case," which requires indirect harm. *See Jones*, 763 F.2d at 1254. Looking to legislative history, the Court stated: "The paradigmatic personal injuries covered by the statute, those that motivated the Congress to take action, were acts of intentional and direct violence on the part of the Ku Klux Klan." *Id.* at 1255. Finally, the Fifth Circuit reminds us that "[m]ost 1983 actions are predicated on intentional rather than negligent acts. Also, ... 1983 was enacted for the purpose of redressing injuries from intentional misconduct. It follows that the 1983 action is more analogous to intentional torts...." *Gates*, 771 F.2d at 920. This Court agrees with the Fifth, Sixth, and Eleventh Circuits that § 1983 claims, in the main, most closely resemble intentional torts. This conclusion is consistent with Judge Buckley's concurrence in *Banks:* "[I]f *Garcia* governs this case, it requires us to borrow the local statute governing most intentional personal injury claims, D.C.Code § 12–301(4), rather than the catch-all statute of D.C.Code § 12–301(8)." *Banks*, 802 F.2d at 1416 (Buckley, J., concurring).

The alleged injury occurred on December 25, 1985, but plaintiff's complaint was not filed until March 24, 1987. Because this Court finds that the appropriate statute of limitations is D.C.Code § 12–301(4), which prescribes a one-year period, plaintiff's § 1983 claim is extinguished. Furthermore, as plaintiff has conceded that his other claims under Count One cannot be maintained, all claims under Count One of the complaint are dismissed with prejudice.

## II. *Counts Three and Four*

Count Three of plaintiff's complaint alleges common law assault and battery; Count Four alleges false arrest and imprisonment. These causes of action are specifically enumerated in D.C.Code § 12–301(4) as having a limitation period of one year. Plaintiff asserts that the statute of limitations must be read with the notice requirements of D.C.Code § 12–309 (1981).[4] Plaintiff's reasoning is that because the right to maintain an action against the District does not "accrue" until notice has been given, the bringing of any such suit is statutorily "stayed" until the notice requirement is fulfilled. Thus, according to plaintiff, a claimant would in effect have 18 months within which to bring a suit governed by the one-year limitations period.

Plaintiff's argument is not persuasive. Plaintiff relies upon *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C.1981), which states that "notice under § 12–309 is a 'condition precedent' to filing a suit against the District." *Id.* at 1378. However, *Gwinn* is careful to note that § 12–309 was enacted to "avoid ... the pitfalls of the statute of limitations. Prior to its passage, suits could be brought within the statute of limitations period but so long after the event giving rise to the claim that it was impossible for the District of Columbia to obtain evidence for use in dealing with such claims." *Id.* Although the limitations period at issue is not a long one, it would be anomalous to use § 12–309 to lengthen it. To do so would "totally frustrate the legislative intent." *Id.* Therefore, because plaintiff did not file his complaint until approximately 15 months after the alleged injury, Counts Three and Four must also be dismissed.

## III. *Count Two*

The District of Columbia urges that plaintiff's negligence claim under Count Two should be dismissed for failure

---

**4.** Section 12–309 states in pertinent part:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant ... has given notice in writing ... of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department ... is a sufficient notice under this section.

to comply with the notice requirements of D.C.Code Ann. § 12–309. (*See infra* note 3 and accompanying text.)  Plaintiff's injury occurred on December 25, 1985; the District received formal notice of his claim at the end of June 1986.  Defendant's records show that the claim letter was received on June 27, whereas plaintiff has a certified mail receipt showing delivery on June 26. The one-day difference is crucial because the notice period includes the date of receipt, but not the date of injury.  *See De-Kine v. District of Columbia*, 422 A.2d 981, 985 (D.C.1980).  Thus, the last date for timely compliance with the requirement was June 26, 1986.  MPD reports may also be considered adequate notice under some circumstances.  The Court lacks sufficient information to determine whether reports made in connection with this case constituted notice.  Because there is a genuine issue as to whether the notice requirements were met, the Court cannot dismiss plaintiff's negligence claim.  Nevertheless, having dismissed the only federal claim in the suit at such an early stage, the Court finds it unwise to retain jurisdiction over this pendent issue.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966).  Dismissal without prejudice seems especially appropriate here, as plaintiff has a full year within which to file his negligence claim in the Superior Court of the District of Columbia.

An appropriate Order accompanies this Memorandum Opinion.

### ORDER

This matter is before the Court on defendant District of Columbia's motion to dismiss the complaint or, in the alternative, for summary judgment and on the motion of defendants Frederick Lewis and Joseph Harris to dismiss the complaint.  For reasons explained in the accompanying Memorandum Opinion, after consideration of the parties' submissions and the entire record, the Court concludes that the defendants' motions should be granted.  Accordingly, it hereby is

ORDERED, that Counts One, Three, and Four of the complaint are dismissed with prejudice.  It hereby further is

ORDERED, that Count Two of the complaint is dismissed without prejudice.

SO ORDERED.