Bernard C. WELCH, Plaintiff,

v.

Sharon Pratt KELLY, et al., Defendants.

Civ. A. No. 94–2298 (JR).

United States District Court,
District of Columbia.

March 13, 1995.

Bernard C. Welch, Marion, IL, plaintiff pro se and Ann C. Wilcox, Washington, DC, for plaintiff Welch.

Jacques P. Lerner, Office of Corp. Counsel, Washington, DC, for defendant.

## ORDER

ROBERTSON, District Judge.

At the time he filed his "civil rights complaint" in this Court on October 25, 1994, plaintiff Welch was incarcerated at the United States Penitentiary in Marion, Illinois, serving a sentence imposed upon him by the Superior Court of the District of Columbia in 1981 for first degree murder. In his pleadings, filed *pro se*, Welch attempts to state claims against former Mayor Sharon Pratt Kelly, present Mayor Marion Barry,[1] and six current, former or retired officials of the D.C. Department of Corrections. His lengthy complaint recites the history of his incarceration since May 1981, when he was transferred by the D.C. Department of Corrections to the custody of the U.S. Bureau of Prisons, and of his efforts since the summer of 1992 to be returned to the custody of the D.C. Department of Corrections. The government moves to dismiss.

Welch's first claim[2] invokes 42 U.S.C. § 1983 and asserts that his removal on May 22, 1981 from the D.C. Department of Corrections and transfer to the U.S. Bureau of Prisons without a hearing unconstitutionally interfered with liberty interests conferred upon him by D.C. Department of Corrections Order No. 4810.1A(6)(b) without due process of law.

Welch's second claim is of racial discrimination and recites his belief based on prison rumors and conversations and correspondence with others that the D.C. Department of Corrections intended to return all prisoners incarcerated in the federal system to the District of Columbia by October 1992, but that, in fact, white prisoners were not transferred. He appears to assert further that the explanation for his non-transfer offered by the D.C. Department of Corrections—

namely, that he was a "protection case" whose "special needs" prevented transfer to the District of Columbia because of the D.C. Department of Corrections' "inability to meet his special needs"—was a sham.

Welch's third cause of action asserts violations of the Eighth Amendment in connection with the conditions of his confinement at USP Marion and makes detailed allegations of threats on his life, harassment in the cellblock, and assaults by inmates in the cellblock and the recreation yards, combined with alleged indifference or refusals to investigate on the part of prison officials.[3]

■ Plaintiff's complaint was originally referred to a Magistrate Judge of this Court. On October 27, 1994, the Magistrate Judge ordered the appointment of pro bono counsel from the panel established by Local Rule 702.1. No such appointment has been made, and the court now withdraws the appointment order. The merits of the claims Welch presents, the complexity of the legal and factual issues involved here, and the degree to which the interests of justice would be served by appointment of counsel for Welch do not present such exceptional circumstances that denial of counsel would result in fundamental unfairness. *See, e.g., Cookish v. Cunningham,* 787 F.2d 1, 2–3 (1st Cir.1986) (and cases cited therein); *Martorano v. FBI,* 1991 WL 212521, 1991 U.S.Dist. LEXIS 13680 (D.D.C. September 30, 1991). Locating a volunteer attorney to undertake representation of an inmate of USP Marion would tax the already scarce volunteer resources available to this Court in handling *pro se* cases.

■ The motion to dismiss of defendants Kelly, Walter Ridley and Margaret

---

1. Mayor Barry is sued in his capacity as Washington's mayor in 1981, when Welch was convicted and incarcerated.

2. Welch's complaint sets forth factual allegations at ¶¶ 14–41 and "claims" at ¶¶ 42–47. The court has given his complaint the required liberal construction, *see Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and has parsed it into three claims.

3. Welch's pleading also asserts denial of access to his attorneys, but, even construing the complaint liberally, *see Cruz v. Beto, supra* 405 U.S. at 319, 92 S.Ct. at 1079; *Haines v. Kerner, supra* 404 U.S. at 519, 92 S.Ct. at 594, this does not appear to be a claim separate from his claims relating to his non-transfer back to the District of Columbia.

Moore[4] recites the well-established law that a prisoner has no constitutional right to be housed in any particular prison and that the constitutional guarantees of due process themselves create no liberty interest in a prisoner remaining in the general prison population. *Hewitt v. Helms,* 459 U.S. 460, 466–68, 103 S.Ct. 864, 868–70, 74 L.Ed.2d 675 (1983). Defendants also correctly rely upon D.C.Code § 24–425 for the proposition that the Attorney General, to whose custody District of Columbia prisoners are committed by statute, is authorized to order the transfer of any prisoner from one institution to another "if, in [her] judgment, it shall be for the well-being of the prison or relieves overcrowding or unhealthful conditions in the institution where such prisoner is confined, or for other reasons."

■ Defendants do not, however, address Welch's more specific claim that the "liberty interest" necessary to make his claim a constitutional one is established by D.C. Corrections Department Order No. 4810.1A(6)(b), or by the settlement of the class action case he cites in his complaint, or both. The factual context of this claim needs to be set forth in some detail:

D.C. Department of Corrections Departmental Order (DO) 4810.1A establishes procedures for the transfer of sentenced offenders between institutions of the Department of Justice and Bureau of Prisons and the District of Columbia Department of Corrections. It was first issued on May 2, 1980, superseding an earlier Department order on the same subject. As amended on May 22, 1981, when Welch's sentence was imposed, the administrative procedures required by DO 4810.1A included the following:

Upon receipt of notification that a DCDC resident is to be transferred to a BOP institution it shall be the responsibility of the institution Administrator to ensure that the resident is afforded a hearing before a committee consisting of at least three institutional staff members and ad-

vised of the reason(s) for the transfer. During the hearing the resident shall be afforded the opportunity to indicate any objections, and rationale for the same, regarding the transfer.

D.C. Department of Corrections Departmental Order 4810.1A(6)(b) (1981).

Welch asserts that he never had a hearing. That assertion is accepted as true for purposes of this motion. Three months after Welch was sentenced and transferred to the federal prison system, the Department of Corrections amended ¶ 6(b), deleting the requirement of a hearing.

Nevertheless, while the hearing requirement of DO 4810.1A was in force, it became the subject of a class action commenced in the Superior Court of the District of Columbia only days after Welch was sentenced. The plaintiff class consisted of

all inmates sentenced pursuant to the laws of the District of Columbia who were incarcerated in the District of Columbia Department of Corrections and who allege that they have been summarily and involuntarily transferred after April 30, 1976 and before August 17, 1981 from the D.C. Department of Corrections to institutions and facilities of the Federal Bureau of Prisons without a hearing as described in DCDC Department Order Number 4810.1(6)(b).

*Robertson v. Holland,* No. 9502–78 (D.C.Super.Ct. filed Sept. 3, 1982).

The class action was settled in September 1982. The settlement provided for the return of twenty named individuals to facilities operated by the D.C. Department of Corrections.[5] Contrary to Welch's apparent understanding, the settlement order did not require that he be returned to facilities operated by the D.C. Department of Corrections, nor did it require that he be afforded a due process hearing. The twenty individuals named in the settlement were selected "upon

---

**4.** At the time, defendants Ridley and Moore were, respectively, the former Director and the Director of the Department of Corrections.

**5.** Welch provided the court with what appear to be authentic copies of a Notification of Class

Members and Order, both dated September 3, 1982 and bearing the signature of Judge Sylvia Bacon. The file of this case is no longer at Superior Court.

consideration of the underlying reasons for their transfers to Federal Bureau of Prisons facilities as perceived from plaintiffs' counsel's review of the transfer records." Welch was not one of them.

■ In any event, Welch's attempt in 1994 to enforce an administrative right that he had only for a few months in 1981 comes far too late. It is settled that federal courts turn to state law for statutes of limitations in actions, like this one, brought under the Reconstruction Era Civil Rights Acts, 42 U.S.C. § 1981 *et seq.* The District of Columbia law of limitations governing a cause of action analogous to Welch's complaint is D.C.Code Ann. § 12-301(8). *Banks v. Chesapeake & Potomac Telephone Co.*, 802 F.2d 1416, 1421 (D.C.Cir.1986); *see Chardon v. Fumero Soto*, 462 U.S. 650, 655–56, 103 S.Ct. 2611, 2615–16, 77 L.Ed.2d 74 (1983); *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). Welch's cause of action to enforce his right to a hearing accrued, at the latest, sometime in September 1982, when he is deemed to have received notice of the settlement of the class action.[6] It expired, at the latest, in September 1985.

Welch's invocation of DO 4810.1A and his attempt to avail himself of the class settlement in the *Robertson* case are thus ineffective. Without those distinguishing characteristics, this case is governed by settled law. An inmate "has no justifiable expectation that he will be incarcerated in any particular prison within a state [or] ... in any particular state." *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983); *Curry–Bey v. Jackson*, 422 F.Supp. 926, 931–33 (D.D.C.1976). Plaintiff's claim of due process violations fails to state a claim against defendants Kelly, Ridley or Moore upon which relief can be granted and will be dismissed. Defendants' motion will also be granted as to defendants Patricia Britton and Walter Hill, who filed joinders.

■ Welch's second cause of action, complaining of racial discrimination in the alleged refusal of Bureau of Prisons officials to transfer him back to the District of Columbia, was brought against the wrong defendants. Since his incarceration in 1981, Welch has not been in the custody of the District of Columbia Department of Corrections, but rather in the custody of the Attorney General of the United States. D.C.Code Ann. § 24-425; 18 U.S.C. § 4082(b). Defendants have retained no authority over the plaintiff, *cf. Milhouse v. Levi*, 548 F.2d 357, 365 (D.C.Cir. 1976), and plaintiff's claims of discrimination do not lie against them.

■ In his third cause of action, Welch complains of certain circumstances of his confinement at U.S.P. Marion. The witnesses and files necessary to prosecute those claims are located in Illinois. The burden of transporting the prisoner to the District of Columbia would be significant. For these reasons, and in the absence of any countervailing interests, those claims will be transferred to the Northern District of Illinois. 28 U.S.C. § 1404(a); *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974).

■ Welch has sought an order requiring that he be provided with the home addresses of three retired District of Columbia corrections officials so that they may be served with his complaint. Release of their home addresses would serve no purpose and would cause an unnecessary intrusion into their private lives. The motion will be denied.

For all the reasons stated above, and upon the court's review of the entire record, it is this 10th day of March 1995

**ORDERED** that the order appointing counsel from the *pro se* panel to represent plaintiff [# 3] is vacated; and it is further

**ORDERED** that the claims set forth in ¶¶ 42, 43, and 47 of the complaint are dis-

---

**6.** Notice of the settlement was required by the Superior Court's order to be given by "posting general notice in all Federal Bureau of Prisons facilities wherein members of the plaintiff class may reside." Welch will not be heard now, a dozen years later, to complain that he did not have notice of the class action or of its settle-

ment. *Peters v. National R.R. Corp.*, 966 F.2d 1483 (D.C.Cir.1982). He is bound by Judge Bacon's order—although the order neither helps nor hinders his effort to be transferred. The order expressly left class members free to pursue administrative remedies provided by Bureau of Prisons regulations.

missed for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the claims set forth in ¶¶ 44, 45, and 46 of the complaint be transferred to the Northern District of Illinois.