**Elbert HARRIS, Jr., Plaintiff,**

v.

**PERINI CORPORATION, Defendant.**

**Civil Action No. 96–981 (GK).**

United States District Court,
District of Columbia.

Dec. 4, 1996.

Elizabeth L. Newman, Kalijarvi, Chuzi & Newman, P.C., Washington, DC, for Plaintiff.

Anne McCully Murphy, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Defendant.

---

**MEMORANDUM OPINION**

KESSLER, District Judge.

This matter is before the Court on Defendant's Motion for Dismissal pursuant to Fed. R.Civ.P. 12(b)(6). Plaintiff Elbert Harris, Jr. filed a four count Complaint for Relief from Deprivation of Equal Rights, Race Discrimination in Employment, and Intentional Infliction of Emotional Distress on April 26, 1996. Defendant moved to dismiss all four counts of the Complaint on October 23, 1996. Plaintiff, in his Opposition to Defendant's Motion for Dismissal, indicated that he would voluntarily dismiss Counts I, III, and IV.[1] Thus, the only issue before the Court relates to Count II of Plaintiff's Complaint. Upon review of Defendant's Motion, Plaintiff's Opposition, Defendant's Reply, and the entire record herein, the Defendant's Motion is **denied.**

**I. Background [2]**

Plaintiff Harris is an African American man currently residing in Georgia. Compl. ¶ 3. Defendant Perini Corporation is a construction company headquartered in Massachusetts with an office in the District of Columbia. Defendant manages the construction of the Federal Triangle Project in D.C. Compl. ¶ 4.

In response to an advertisement in the Washington Post, Plaintiff applied for a position with Defendant. At the time of his application, Plaintiff was employed in New Jersey. Plaintiff was hired for a full time, permanent position by Defendant. Plaintiff resigned from his position in New Jersey and moved to the Washington, D.C., area to begin work on June 20, 1994. Compl. ¶ 5–6.

On April 18, 1995, Plaintiff's supervisor, Mr. Robert Ryan, informed Plaintiff that his position was being eliminated in a restructuring and that they would lay Plaintiff off in two weeks. Mr. Ryan also indicated that Plaintiff's production was slow. Plaintiff's

1. Plaintiff's Opposition to Defendant's Motion for Dismissal indicated that Plaintiff would voluntarily dismiss Counts I (42 U.S.C. § 1983), II (D.C. Human Rights Act), and IV (tort claim for intentional infliction of emotional distress), leaving Count III (42 U.S.C. § 1981). However, it is Count II (not Count III) of Plaintiff's Complaint that actually raises a claim under 42 U.S.C. § 1981. Defendant's Reply makes the same mistake. For the sake of consistency with Plaintiff's

Complaint, the Court will address the arguments as related to Count II (42 U.S.C. § 1981).

2. When deciding a Motion to Dismiss, the allegations of a plaintiff's complaint must be presumed true and construed liberally in his favor. *Shear v. National Rifle Ass'n of Am.,* 606 F.2d 1251, 1253 (D.C.Cir.1979). All background information is taken from Plaintiff's Complaint ("Compl.").

last day of employment was April 28, 1995. Compl. ¶ 7.

Plaintiff's production rate was equal to or greater than that of similarly situated non-African American employees. Defendant had never expressed any dissatisfaction with Plaintiff's work prior to Plaintiff's termination. Further, Defendant had allowed non-African American employees the opportunity to improve performance and/or to transfer to other work sites instead of being terminated or laid off. Compl. ¶ 8.

On April 23, 1995, Defendant advertised in the Washington Post to fill two positions which were substantially equal to the position from which Plaintiff was terminated. Plaintiff met the advertised qualifications for these positions. Compl. ¶ 9.

Defendant's supervisory employees have used racial slurs and Defendant has been notified of that behavior. Despite such notice, Defendant has taken no action to stop such behavior. Compl. ¶ 10.

Count II of Plaintiff's complaint alleges that Defendant deprived Plaintiff of his right to make and enforce contracts in violation of 42 U.S.C. § 1981. Defendant allegedly violated Plaintiff's rights by inducing him to quit a permanent position in New Jersey to accept employment at Defendant's Washington D.C. work site and by terminating Plaintiff's employment on the false pretense of a layoff. Plaintiff seeks reinstatement, back pay, compensatory and punitive damages, and attorney's fees.

## II. *Analysis*

Defendant contends that Plaintiff's Section 1981 claim is time-barred. Defendant argues

that a one-year statute of limitations governs Section 1981 claims and, as Plaintiff's Complaint was filed 8 days after that limitation period expired, Plaintiff cannot maintain his cause of action. Plaintiff contends that the appropriate statute of limitations period for Section 1981 claims filed in the District of Columbia is three years.

Section 1981 does not contain its own statute of limitations period. Federal courts are guided in their choice of the appropriate statute of limitations to be applied to a Section 1981 action by the provisions of a companion statute, 42 U.S.C. § 1988. Section 1988 directs federal courts to examine federal law and, where federal law provides no applicable rule of decision, to examine state law.[3] Section 1988 applies to claims brought under Section 1981. *See Runyon v. McCrary,* 427 U.S. 160, 180–82, 96 S.Ct. 2586, 2599–2600, 49 L.Ed.2d 415 (1976).

Application of this borrowing principle initially led courts to search for the "most appropriate" or "most analogous" state statute of limitations. *See Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). However, this led to confusion over which state statute of limitations is "most analogous." That confusion also affected this jurisdiction until our Court of Appeals held that the District's three-year personal injury statute, D.C.Code § 12–301(8), applied to claims under Section 1981. *Macklin v. Spector Freight Systems, Inc.,* 478 F.2d 979, 994 (D.C.Cir.1973).

*Macklin's* holding was later questioned when the District of Columbia Human Rights Act of 1978, D.C.Code § 1–2501 *et seq.,* was enacted because that statute contained only a

---

**3.** 42 U.S.C. § 1988 provides, in part:

The jurisdiction in civil ... matters conferred on the district courts by the provisions ... of Title "CIVIL RIGHTS," ... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object,

or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.

one-year statute of limitations. After the D.C. Human Rights act was passed into law, district courts in this jurisdiction split as to which statute of limitations controlled Section 1981 claims. *Compare Blake v. American College of Obstetricians & Gynecologists,* 608 F.Supp. 1239 (D.D.C.1985) (one-year statute controls) *with Jones v. Management Partnership, Inc.,* 32 F.E.P. 639, 1983 WL 143571 (D.D.C.1983) (three-year statute controls).

The D.C. Circuit addressed whether the personal injury statute or the D.C. Human Rights Act statute would apply in *Banks v. Chesapeake & Potomac Tel. Co.,* 802 F.2d 1416 (D.C.Cir.1986). The court stated that "resolution of these issues is guided by the Supreme Court's then-recent decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)," which decided the appropriate statute of limitations to apply in Section 1983 claims. *Banks,* 802 F.2d at 1420. Acknowledging that the Supreme Court had not yet decided whether the same statute of limitations should apply in Section 1981 suits as in Section 1983 suits, the Court of Appeals nevertheless indicated that *Garcia*'s reasoning was equally applicable to Section 1981 for three reasons. *Id.* First, "the same statutory directive applies to both types of claims." *Id.* Second, a similar need to curtail collateral litigation over statutes of limitations issues applies equally to both types of claims. *Id.* Finally, the objectives of both Sections 1981 and 1983 are similar in that they seek to allow all people full protection and benefits of the laws. *Id.* Because the Court of Appeals found the reasoning and analysis of *Garcia* to be "equally applicable" to Section 1981 claims, it specifically held that Section 1981 claims brought in D.C. were governed by the District's three-year personal injury statute of limitations, not the one-year statute of limitations embodied in the D.C. Human Rights Act. *Id.* at 1416.

The *Banks* court went on to address, in dicta, the issue of whether the District's one-year "intentional torts" limitations period, set forth at D.C.Code § 12–301(4), or the three-year residual limitations period, set forth at D.C.Code § 12–301(8) should apply. After surveying the law of other circuits, which were split on the issue, the Court of Appeals concluded that, although Section 1981 provides a remedy for personal injury type claims, those claims "cannot accurately be characterized as intentional tort claims of the sort enumerated in § 301(4) [the intentional tort statute]," and application of that period would be inappropriate. *Banks,* 802 F.2d at 1427–28. The court also specifically stated that the Supreme Court's *Garcia* decision was completely consistent with the Court of Appeals' decision in *Macklin,* which had held that the three-year statute of limitations was the appropriate one to apply in Section 1981 cases. *Id.*

Since the *Banks* decision, courts in this circuit have applied the three-year statute of limitations to claims under Section 1981. *See Saunders v. George Washington Univ.,* 768 F.Supp. 854, 868 (D.D.C.1991); *Welch v. Kelly,* 882 F.Supp. 177, 180 (D.D.C.1995). It is true that since *Banks,* the D.C. Circuit has said that the "question of whether a one-year or a three-year limitations period governs actions under section 1981 ... remains open." *Berger v. Iron Workers Reinforced Rodmen Local 201,* 843 F.2d 1395, 1410 (D.C.Cir.1988), *cert. denied,* 490 U.S. 1105, 109 S.Ct. 3155, 104 L.Ed.2d 1018 (1989). However, as Judge Oberdorfer stated in *Saunders,* "even though there are indications that the Court of Appeals may be ready to consider whether the intentional torts statute of limitations should be applied, there is nonetheless considerable precedent indicating that the three-year residual statute of limitations ... should be used. In the absence of a clear statement by the Court of Appeals that this precedent is no longer binding, it must be followed." *Saunders,* 768 F.Supp. at 868 (citing *Macklin;* other citations omitted).

As recently as 1995, the D.C. Circuit has indicated that statutes redressing economic-type torts, such as fraud or contract, are not to be governed by the one-year intentional torts limitation period. *Crocker v. Piedmont Aviation, Inc.,* 49 F.3d 735, 744 (D.C.Cir. 1995) (citations omitted). Although *Crocker* was not considering Section 1981, the Court of Appeals noted that D.C. law provides that "§ 12–301(4)'s one-year limitations period

governs only the specific enumerated torts; it does not apply generically to all intentional torts." *Id.* The Court of Appeals reiterated that the distinction between intentional economic and intentional non-economic torts was compelling enough to warrant differential treatment of the two torts. *Id.* (citing *Banks,* 802 F.2d at 1427; *Saunders v. Nemati,* 580 A.2d 660, 663–664 (D.C.1990)).

Defendant urges the Court to ignore these precedents and follow, instead, *Williams v. District of Columbia,* 676 F.Supp. 329 (D.D.C.1987), which applied a one-year statute of limitations. The Court declines to do so for two reasons. First, that case applied the one-year statute of limitations to a Section 1983 claim, not a Section 1981 claim. *Id.* at 331–32. Second, that case was effectively overruled by the Supreme Court's decision in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), which expressly held that the residual statute of limitations period should apply to section 1983 claims. *Id.* at 236, 109 S.Ct. at 574. Thus, Defendant's argument that the *Williams* case should lead this Court to apply the one-year limitations period to Section 1981 claims is totally unconvincing.

Further, the Supreme Court's decision in *Okure* (although it related to Section 1983 claims), in combination with *Macklin* and *Banks,* convinces this Court that the longer, three-year residual period applies. Our Court of Appeals has indicated that Section 1981 claims are governed by *Garcia* in the same way that Section 1983 claims are. *Banks,* 802 F.2d at 1421. In other words, the policies underlying the analysis of the appropriate limitations period are the same for both types of claims. However, the Court of Appeals has also indicated that Section 1981 was intended to provide a remedy for many types of discrimination which are not covered by Section 1983 or various state laws, *id.* at 1424, and that Section 1981 is broader in scope than Section 1983. *Id.* at 1428. Applying the rationale of *Okure* to a Section 1981 claim against this background leads the Court to conclude that applying the one-year intentional torts statute of limitations would frustrate the purposes of Section 1981 in providing a broad class of remedies to those who have suffered discrimination. *See Banks,* 802 F.2d at 1429 (*Macklin* "clearly implies that the three-year period would be appropriate for § 1981 racial discrimination claims."). Therefore, the residual, three-year statute of limitations embodied in D.C.Code § 12–301(8) applies to Section 1981 claims, and Plaintiff's Section 1981 claim was timely filed.

## III. Conclusion

For the reasons discussed above, Defendant's Motion for Dismissal as to Count II, the Section 1981 claim, is denied. Plaintiff's claims under 42 U.S.C. § 1983 (Count I), the D.C. Human Rights Act (Count III), and D.C. tort law (Count IV) are dismissed. An Order will issue with this Opinion.