Dawn BROWN, Plaintiff,

v.

DISTRICT OF COLUMBIA, Defendant.

No. CIV.A. 00–377 DAR.

United States District Court,
District of Columbia.

March 11, 2003.

Jimmy Anthony Bell, Tamiko Sherisse Shook, Upper Marlboro, MD, for Plaintiff.

David A. Hyden, Office of Corporation Counsel, D.C., Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

ROBINSON, United States Magistrate Judge.

Pending for determination by the undersigned United States Magistrate Judge is the Motion of Defendant District of Columbia for Summary Judgment (Docket No. 48). Plaintiff, a female employed by the District of Columbia Metropolitan Police Department, brings this action against her employer alleging eight constitutional, statutory and common law tort claims. Second Amended Complaint for Damages and Demand for Jury Trial ("Amended Complaint") ¶¶ 1–28. Plaintiff's Amended Complaint alleges sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Counts I and VII); assault and battery (Count II); deprivation of civil rights, conspiracy to interfere with civil rights, and neglect to prevent the same, in violation of 42 U.S.C. §§ 1983, 1985, 1986 (Counts III and IV); intentional infliction of emotional distress (Count V); negligence (Count VI), and denial of Due Process (Count VIII). *Id.* ¶¶ 5–23. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, defendant's motion will be granted.

## BACKGROUND

Plaintiff, an employee of by the Metropolitan Police Department since 1990, alleges that in one of her supervisor, Captain Adrian Barnes "repeatedly accosted [her] using profane gestures and language, without [her] consent, in attempts to obtain sexual favors from [her]." Amended Complaint ¶ 6. Plaintiff contends that once she rejected Captain Barnes' advances he

"would use his influence to create a hostile work environment for [her]." *Id.* Further, plaintiff contends that throughout her employment period other of the defendant's employees "routinely and continuously propositioned [her] for sexual favors." *Id.* ¶ 9. As a result of Captain Barnes' behavior, plaintiff filed an Equal Employment Office ("EEO") complaint on September 3, 1992. *Id.* ¶ 6.

Plaintiff alleges that from 1992 until 1997, while she was detailed to the Central Cell Block, she was repeatedly physically assaulted by a co-worker, Officer Darryl Taylor. *Id.* ¶ 11. Plaintiff submits that Officer Taylor "would repeatedly assault [her] on MPD property... including beating with fists, kicking with shod feet, sexual assault, aiming a service weapon at [her]; raising weapons at [her], and verbal threats to kill [her] and certain co-workers." *Id.* Plaintiff contends that her efforts to report Officer Taylor's abusive behavior were consistently "ignored or rebuked." *Id.* Further, plaintiff contends that defendant "was fully aware of [Officer] Taylor's assaults on [her] and/or his propensity for dangerous behavior, but took no administrative or criminal action to prevent or stop said assaults." *Id.* ¶ 13.

Plaintiff claims that defendant retaliated against her by continually "harassing and/or disciplining [her] without cause, or by denying her perks, privileges, and benefits of employment, because of the sexual harassment complaint" she filed with the EEO office. *Id.* ¶ 20. Among the retaliatory acts alleged by plaintiff are: withholding her salary for prolonged periods of time without explanation; denying plaintiff paid leave for on the job injuries; locking her out of her workstation, and then subsequently suspending her for her absence; criticizing her for wearing her hair in braids; repeatedly transferring her between units, and consequently preventing her from being awarded seniority privi-

leges; and failing to properly investigate her reported grievances. *Id.* ¶ 20(a)-(g).

## CONTENTIONS OF THE PARTIES

Defendant now moves for summary judgment with respect to each of the eight claims asserted by plaintiff in her Amended Complaint. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Defendant's Memorandum") at 4–5.

### A. *Plaintiff's Title VII Claims (Counts I & IV)*

Defendant submits that summary judgment is appropriate with respect to plaintiff's Title VII claims as plaintiff failed to exhaust her administrative remedies by not raising "either of [her Title VII] claims in her Charge of Discrimination to the Equal Employment Opportunity Commission." *Id.* at 7. Specifically, defendant contends that plaintiff's November 4, 1999 EEOC complaint alleged discrimination based only on race and disability, but failed to allege the two violations claimed in her Amended Complaint: sexual harassment and retaliation. *Id.* at 9. Further, defendant contends it is entitled to summary judgment with respect to plaintiff's sexual harassment claim as plaintiff did not file the EEOC claim within 180 days of the occurrence. *Id.* at 10. Defendant contends that the alleged behavior that forms the basis of plaintiff's sexual harassment claim occurred prior to 1993, whereas plaintiff filed her EEOC complaint in 1999. *Id.* at 11. Additionally, defendant argues, with respect to plaintiff's retaliation claim, that plaintiff has failed to "show any adverse employment action taken against her by defendant the District" as she "cannot demonstrate any 'diminution in pay benefits,' nor any materially adverse consequence' or 'objective tangible harm' to the terms and conditions of her employment resulting from the alleged acts." *Id.* at 11,

15 (referring to *Brown v. Brody*, 199 F.3d 446, 457 (D.C.Cir.1999)).

Plaintiff, in her opposition, asserts that she has made a prima facie case of racial discrimination, as she is

a black female, and is thus a member of a protected class... [she] was subjected to disparate treatment in that she was sexually harassed, deprived of her civil rights, subjected to intentional infliction of emotional distress, battery, denied due process and subjected to adverse employment actions... [she] has pointed to similarly situated white and male officers who were not treated in the manner in which Defendant treated Plaintiff Brown.

Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant' Motion for Summary Judgment ("Plaintiff's Opposition") at 28. However, plaintiff concedes that she did not allege race discrimination in her Amended Complaint. *Id.* at 29. Plaintiff claims that her September 3, 1992 EEO complaint satisfies her obligation to exhaust her administrative remedies; in the alternative, plaintiff asserts that she exhausted her administrative remedies by "making allegations reasonably related to her sexual harassment and retaliation claims." *Id.* at 31. Finally, plaintiff asserts that she has established a "continuing violation" and therefore has exhausted all of her administrative remedies. *Id.* at 31.

Defendant, in reply, contends that "[p]laintiff has put the cart before the horse by contending that her Title VII claims survive because she has established a *prima facie* case" as "[e]xhaustion of administrative remedies is the threshold which a plaintiff must cross before the filing of Title VII lawsuit." Defendant's

Reply to Plaintiff's Opposition to Motion for Summary Judgment ("Defendant's Reply") at 2. Further, defendant contends that plaintiff's sexual harassment and retaliation claims are not reasonably related to the race and disability discrimination claims in her EEOC complaint. *Id.* Lastly, defendant points out that plaintiff has "never suffered the required adverse action, materially affecting the conditions of her employment" and therefore, her assertion that she has made a prima facie showing is incorrect. *Id.* at 9.

**B. Plaintiff's Claims Brought Pursuant to 42 U.S.C. § 1981, 1983, 1985, 1986 (Counts III–IV)**

Defendant asserts that summary judgment is appropriate with respect to plaintiff's claims brought pursuant to 42 U.S.C. § 1981(a)(race-based discrimination), 42 U.S.C. § 1983 (deprivation of civil rights), 42 U.S.C. § 1985(3)(conspiracy to interfere with civil rights), and 42 U.S.C. § 1986 (neglect to prevent conspiracy to interfere with civil rights).[1] Defendant contends that summary judgment is appropriate with respect to plaintiff's claim under 42 U.S.C. § 1981(a) as "plaintiff cannot show that the alleged 'violations' were racially motivated" and has made no "allegation whatsoever in the Second Amended Complaint that she was discriminated upon the basis of race." Defendant's Memorandum at 17. Defendant asserts that summary judgment is appropriate with respect to plaintiff's section 1983 claim, as (1) defendant is a municipality and "[a] municipality cannot be held liable under 42 U.S.C. § 1983 on the theory of *respondeat superior*," and (2) plaintiff does not allege that a policy of custom of defendant's was the cause of her injuries. *Id.* at 17–18. With

---

**1.** The court will assume, as defendant assumed, that plaintiff intended to include 42 U.S.C. § 1981(a) as another basis for Counts III and IV even though it is not mentioned during that specific portion of the Amended Complaint, as plaintiff asserts the statute as one basis for the court's jurisdiction. Amended Complaint ¶¶ 12–15

respect to plaintiff's section 1985(3) claim, defendant asserts that summary judgment is appropriate as plaintiff "failed to allege any facts that would constitute a conspiracy," and if she had, defendant would be entitled to summary judgment in any event as "plaintiff failed to allege any facts evidencing that the alleged conspiracy was motivated by race- or class-based, invidiously discriminatory animus." *Id.* at 19.

Further, defendant asserts that plaintiff's claims brought under Sections 1981(a), 1983, 1985(3), and 1986 should be dismissed as they are all time-barred. *Id.* at 20. Specifically, defendant asserts that plaintiff's section 1981, 1983, and 1985 claims are time-barred as they violate the three year statute of limitations and are not subject to equitable tolling. *Id.*

Plaintiff, in opposition, submits that she has made a prima facie case of race discrimination under 42 U.S.C. §§ 1981, 1983, 1985, 1986, using the same analysis on which she relied with respect to her Title VII claims. Plaintiff's Opposition at 28–29. With respect to her section 1983 claim, plaintiff submits that the policy or custom alleged is the District's "failure to train" her supervisors, which she contends was evidenced by "the fact that they had knowledge of the constitutional violations and assaults occurring in the workplace against Plaintiff Brown however, they failed to do anything." *Id.* at 40. With respect to defendant's assertion that the claims are time-barred, plaintiff submits " [i]t is without dispute that the statute of limitations for Section 1981, 1983, and 1985 actions is three years ... [h]owever, Plaintiff is not time-barred from pursuing claims against the Defendant based upon the continuous harassment and violations she endured." *Id.* at 41.

Defendant, in reply, asserts that "[s]ection 1981 was mentioned only once in the Second Amended Complaint, in paragraph 1, regarding Jurisdiction and Venue" and "[p]laintiff never moved the Court for leave to amend her complaint and add a claim of race discrimination; she articulates a Section 1981 claim for the first time in her Opposition." Defendant's Reply at 3. Defendant asserts further that "[p]laintiff has supplied no evidence whatsoever of disparate treatment based on race" and that "[n]owhere in the record—in her Complaints, deposition, or Opposition—does plaintiff identify or otherwise 'point to' any white male officers who were treated differently than herself." *Id.* With respect to plaintiff's section 1983 claim, defendant submits that "[p]laintiff provides absolutely no evidence to support her conclusory allegation that defendant 'failed to train' its employees" and has therefore failed to carry her "burden of showing that she was deprived of constitutional rights, and that the deprivation was caused by a policy or custom of the municipality." *Id.* at 6–7. With respect to the statute of limitations, defendant contends that there is no authority for the court to use a continuing violations theory to allow plaintiff to avoid a statute of limitations in cases brought under sections 1981, 1983, 1985, 1986. *Id.* at 4. Defendant asserts that although these statutes of limitations may be tolled, plaintiff has provided no reason why they should be tolled in the case at hand. *Id.*

### C. *Plaintiff's Common Law Claims (Counts II, V, and VI)*

Defendant asserts that summary judgment is appropriate with respect to Count II (Assault and Battery), Count V (Intentional Infliction of Emotional Distress), and Count VI (Negligence), as plaintiff failed to satisfy the applicable notification requirement outlined in D.C.Code. § 12–309. Specifically, defendant contends that "plaintiff failed to satisfy the statutory requirement to notify the Mayor of her intent to file a claim

against defendant District of Columbia." Defendant's Memorandum at 23. In the alternative, defendant asserts ·that summary judgment is appropriate with respect to plaintiff's common law claims, as they are time-barred. Specifically, defendant contends that the statute of limitations for assault and battery is one year, and the statute of limitations for intentional infliction of emotional distress and negligence is three years. *Id.* at 24. Defendant contends that because plaintiff commenced the instant action on February 25, 2000, plaintiff's claims for assault and battery are time-barred as all the alleged events occurred prior to February 25, 1999, and plaintiff's claims of negligence and intentional infliction of emotional distress that occurred before February 25, 1997, are similarly time-barred. *Id.* at 25.

Further, with respect to plaintiff's claim for intentional infliction of emotional distress (Count V), defendant asserts that summary judgment is appropriate as "plaintiff has alleged and can prove no facts that suggest that any action by defendant the District rises to the level of outrageous or beyond all bounds of decency." *Id.* With respect to plaintiff's negligence claim, defendant contends that summary judgment is appropriate as "plaintiff has not articulated or supported the specific standards of care that the District owed to the plaintiff." *Id.* at 26.

Plaintiff, in opposition, asserts that she did in fact provide notice to the District as is required pursuant to D.C.Code § 12–309, through a letter dated February 9, 2000. Plaintiff's Opposition at 33. Plaintiff submits that the "letter was sent to MPD Chief Charles Ramsey, D.C. Corporation Counsel for the District of Columbia, Burt Innis, Police and Fire Clinic and Wilma Lewis, Esq., Office of the United States Attorney." *Id.* at 33. With respect to plaintiff's claim of intentional infliction of emotional distress, plaintiff submits that she has demonstrated that defendant's behavior was extreme and outrageous in that "she was continuously made to endure physical, sexual and mental abuse from her fellow employees however, the Defendant refused to take any action." *Id.* at 36. Further, plaintiff concedes that the statute of limitations for her common law allegations is three years, but asserts that the claims are not time-barred since she has established a continuing violation. *Id.* at 41.

Defendant, in reply, contends that plaintiff did not comply with the notice requirement of D.C.Code § 12–309, as "the requirement of notice to the Mayor is to be strictly interpreted, and that notice to subordinate official is not sufficient." Defendant's Reply at 6. Defendant points out that plaintiff does not dispute that no notice was ever sent to or otherwise received by the Mayor of the District of Columbia. *Id.* Defendant also contends that "[p]laintiff supplies no legal support for her contention that [for] claims [brought] under the common law . . . a continuing violation [may be asserted] to avoid the statute of limitations[,]" and that the cases cited by plaintiff for this proposition only applied the continuing violations doctrine to claims under Title VII. *Id.*

### D. *Plaintiff's Constitutional Claim (Count VIII)*

Defendant contends that summary judgment is appropriate with respect to plaintiff's constitutional claims, as plaintiff has failed "to allege any official policy or custom of the District of Columbia that resulted in the infringement on her constitutional rights." Defendant's Memorandum at 26.

Plaintiff, in opposition, is silent with respect to her constitutional claim. As discussed above, plaintiff argues that with

respect to her section 1983 claim, defendant's "failure to train" constitutes evidence of a "policy or custom" of the District resulting in a violation of plaintiff's rights. Plaintiff's Opposition at 39–40.

### E. Plaintiff's "Residual Civil Conspiracy Claims"

Defendant asserts that to the extent that certain allegations in plaintiff's Amended Complaint assert civil conspiracy claims, defendant is entitled to summary judgment as there is no tort action for civil conspiracy in the District of Columbia. Defendant's Memorandum at 21.

Plaintiff does not dispute defendant's assertion that there is no tort action for civil conspiracy. *See generally* Plaintiff's Opposition.

### APPLICABLE STANDARDS

#### A. Summary Judgment

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C.Cir.1995). The nonmoving party cannot merely rest upon the allegations included in the complaint, and instead, must identify the specific facts which demonstrate that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The burden is upon the nonmoving party to demonstrate that there are material facts in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Material facts are in dispute if

they are capable of affecting the outcome of the suit under governing law. *Id.* In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *see also Bayer v. United States Dept. of Treasury*, 956 F.2d 330, 333 (D.C.Cir. 1992).

This court has held that because proof of discrimination may be difficult for a plaintiff to establish, "the court should view summary judgment motions in such cases with special caution." *Childers v. Slater*, 44 F.Supp.2d 8, 15 (D.D.C.1999) (citing *Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 879 (D.C.Cir.1997)); *Johnson v. Digital Equip. Corp.*, 836 F.Supp. 14, 18 (D.D.C.1993). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Rather, she must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348; FED. R. CIV. P. 56(e).

Moreover, Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must

set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e). The nonmoving party must therefore

> go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," *designate "specific facts showing that there is a genuine issue for trial."* ... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing[.]

*Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (emphasis added).

### B. *Proof of Discrimination and Retaliation*

■ *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny established the tripartite framework which governs the allocation of the burden of production in cases in which discrimination based on disparate treatment is alleged. This circuit has held that the *McDonnell Douglas* framework is also applicable to claims of retaliation. *McKenna v. Weinberger,* 729 F.2d 783, 790 (D.C.Cir.1984).

[2] To satisfy the first element of the *McDonnell Douglas* framework, the plaintiff must prove a prima facie case by a preponderance of the evidence. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. Generally, to establish a prima facie

case of disparate treatment discrimination, a plaintiff must show that he or she (1) belongs to a protected class; (2) suffered an adverse employment action; and (3) that the unfavorable action gives rise to an inference of discrimination. *E.g., Brown v. Brody,* 199 F.3d 446, 452 (D.C.Cir.1999) (citing *McKenna,* 729 F.2d at 789).[2]

■ In order to establish a prima facie case of retaliation, a plaintiff must show that (1) he or she engaged in a statutorily protected activity; (2) the employer took an adverse personnel action; and (3) a causal connection exists between the two. *Id.* at 452–453 (citing *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985)); *accord Holbrook v. Reno,* 196 F.3d 255, 263 (D.C.Cir.1999). The causal connection element of a prima facie case of retaliation may be established "by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *Mitchell,* 759 F.2d at 86; *accord Carney v. American Univ.,* 151 F.3d 1090, 1095 (D.C.Cir.1998). "The close temporal proximity" of the protected activity to the alleged retaliatory actions, may be sufficient to establish a casual connection. *Cones v. Shalala,* 199 F.3d 512, 521 (D.C.Cir.2000).

If a plaintiff succeeds in proving his or her prima facie case, a presumption that the employer unlawfully discriminated against the employer arises, *e.g., Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason for the em-

---

**2.** To raise an inference of disparate treatment in a Title VII case, the plaintiff "must prove that all of the relevant aspects of [his] employment situation are 'nearly identical' to those of the employees who [he] alleges were treat-ed more favorably." *Childers v. Slater,* 44 F.Supp.2d at 24; *Neuren v. Adduci, Mastriani, Meeks & Schill,* 43 F.3d 1507, 1514 (D.C.Cir. 1995).

ployee's rejection." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817.

Finally, if the defendant successfully carries this burden, then the presumption of discrimination disappears, and the plaintiff "must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089 (citing *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817); *see also St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). At this point, plaintiff's ultimate burden of proving intentional discrimination merges with her burden of demonstrating pretext. *Burdine,* 450 U.S. at 256, 101 S.Ct. 1089. At all times plaintiff retains the ultimate burden of persuading the trier of fact that defendant intentionally discriminated against the plaintiff. *Id.* at 253, 101 S.Ct. 1089.

## DISCUSSION

### A. *Plaintiff's Title VII Claims (Counts I & IV)*

A plaintiff must exhaust her administrative remedies pursuant to the comprehensive EEOC regulations before filing suit. 29 C.F.R. § 1614 *et seq.; see also Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir.1997). The exhaustion requirement is mandatory, *e.g., Brown v. General Servs. Admin.,* 425 U.S. 820, 832–33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), and provides "the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Wilson v. Pena,* 79 F.3d 154, 165 (D.C.Cir. 1996) (citations omitted).

■ EEOC regulations require that an aggrieved federal employee must initiate contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the complaint cannot be resolved informally by the EEO counselor, then the federal employer will issue a notice of the right to file a formal administrative complaint, and the federal employee must file a formal written complaint with the agency's EEO office within fifteen days of receiving the notice. 29 C.F.R. § 1614.106(b). The federal employee must file any appeal to the federal district court within 90 days of receiving notice of a final action by the department or agency. 42 U.S.C. § 2000e–16(c); *see also Park v. Howard University,* 71 F.3d 904 (D.C.Cir. 1995). Untimely exhaustion of administrative remedies is an affirmative defense, and the defendant therefore bears the burden of pleading and proving it. *Bowden,* 106 F.3d at 437 (citing *Brown,* 777 F.2d at 13).

The undersigned finds that defendant has met its burden of pleading and proving that plaintiff failed to exhaust her administrative remedies with respect to her Title VII claims. The parties concur, although there is no evidence in the record, that plaintiff filed her first EEO complaint was on September 3, 1992. *See* Defendant's Memorandum at 2; Plaintiff's Opposition at 31. In that administrative complaint, plaintiff alleged that Officer Barnes had engaged in sexual harassment. *See* Plaintiff's Opposition, Deposition of Dawn Brown (Exhibit 1) at 59–60. Plaintiff, during her deposition, stated that "Lieutenant Malcolm" of the MPD conducted an investigation and concluded that her claim of harassment was unfounded. Plaintiff was "sure" that she got a copy of the report, "but it was just so long ago." *Id.* at 60. Plaintiff filed the instant action seven and one-half years later, on February 25, 2000. The undersigned finds that plaintiff may not rely on her 1992 EEO complaint to satisfy Title VII's exhaustion require-

ments, as she failed to timely file her complaint in this court.

██ The plaintiff again filed a Charge of Discrimination with EEOC on November 4, 1999. Defendant's Memorandum, Charge of Discrimination (Exhibit G). In her November 4, 1999 EEOC complaint, plaintiff checked only the boxes for allegations of discrimination based on race and disability, and did not check the boxes for gender discrimination or retaliation. *Id.* Furthermore, all the allegations contained in the November, 1999 complaint relate specifically to race and disability discrimination, and there is absolutely no indication that plaintiff was alleging gender discrimination or retaliation. *Id.* ¶ 3 ("I believe that I was discriminated against because of my race, Black, and disability"). Consequently, the undersigned finds that plaintiff has failed to exhaust her administrative remedies on her gender discrimination and retaliation claims. *Park v. Howard*, 71 F.3d at 906–907; *Hunt v. D.C. Department of Corrections*, 41 F.Supp.2d 31 (D.D.C.1999). Because the undersigned will grant summary judgment for defendant with respect to plaintiff's Title VII claims based on plaintiff's failure to exhaust her administrative remedies, the undersigned finds it unnecessary to address the sufficiency of plaintiff's prima facie showing of gender discrimination or retaliation.[3]

### B. *Plaintiff's Claims Brought Pursuant to 42 U.S.C. § 1981, 1983, 1985, 1986 (Counts III–IV)*

Plaintiff, in her opposition, fails to address defendant's motion for summary judgment with respect to plaintiff's 42 U.S.C. §§ 1985(c), and 1986 claims, and accordingly, the undersigned deems defendant's arguments conceded and finds that defendant is entitled to summary judgment with respect to those claims. Specifically, plaintiff's opposition is completely silent with respect to her section 1986, and wholly fails to refute defendant's assertion that with respect to her section 1985(3) claims. The undersigned further finds that plaintiff failed to allege any facts to support her allegation that defendant and its agents conspired against her motivated by discriminatory animus.

With respect to 42 U.S.C. §§ 1981, 1983, the parties agree that the relevant statute of limitations in this jurisdiction is three years. *Harris v. Perini Corp.*, 948 F.Supp. 4, 7 (D.D.C.1996)(holding that "the residual, three-year statute of limitations embodied in D.C.Code § 12–301(8) applies to Section 1981 claims[.]"); *Banks v. Chesapeake & Potomac Telephone Co.*, 802 F.2d 1416 (D.C.Cir.1986)( holding that the District of Columbia's three-year statute of limitations for personal injury suits is applicable to actions brought under 42 U.S.C. § 1983).

The undersigned finds that defendant is entitled to summary judgment with respect to plaintiff's claims brought pursuant to 42 U.S.C. §§ 1981(a), 1983, as such claims are time-barred.[4] The factual allegations that form the basis of plaintiff's 42 U.S.C. §§ 1981, 1983 claims appear to stem from defendant's response to the conduct of Officer Taylor. Amended Complaint ¶¶ 13–15. Plaintiff met Officer Taylor when she began working in Central Cell Block in late 1992. Plaintiff's Opposition, Deposition of Dawn Brown (Exhibit

---

**3.** To the extent that defendant now seeks to allege a Title VII claim for race discrimination she is precluded from doing so, as she concedes that the claim was not raised in the pleadings. *See* Plaintiff's Opposition at 29.

**4.** Plaintiff is silent with respect to the issue of her entitlement to the benefits of equitable tolling. Accordingly, the undersigned has no basis upon which to find that the statute of limitations should be tolled.

1) at 78, 81. Plaintiff was detailed out of Central Cell Block in early 1996. *Id.* at 100. The instant civil action was filed in this Court on February 25, 2000. Therefore, the undersigned concludes, that to the extent that plaintiff's 42 U.S.C.1981, 1983 claims are based on conduct occurring prior to February 25, 1997, those claims are time-barred and are not subject to equitable tolling.[5]

█ The undersigned is mindful, however, that plaintiff's 42 U.S.C. §§ 1981, 1983 claims may not be solely based on the actions of Officer Taylor, but may also involve the District of Columbia's response to Officer Taylor's allegedly abuse behavior. Amended Complaint ¶¶ 12–15. However, the undersigned further finds that defendant is entitled to summary judgment with respect to plaintiff's 42 U.S.C. § 1981(a) claim as plaintiff has failed to make a prima facie showing of race discrimination.[6] Section 1981(a) provides that

> [a]ll persons with the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the fill and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, . . .

42 U.S.C. § 1981(a). To establish a violation of section 1981, a plaintiff must do more than simply invoke [their] race in the course of a claim's narrative [to] automati-

cally be entitled to pursue relief. *Bray v. RHT*, 748 F.Supp. 3, 5 (D.D.C.1990). "To establish a prima facie case under § 1981, the plaintiff must demonstrate a racially discriminatory purpose." *Fagan v. United States Small Business Administration*, 783 F.Supp. 1455, 1464 (D.D.C.1992) (citations omitted).

█ Plaintiff has failed to allege any facts supporting her charge that the District of Columbia discriminated against her based on her race. As a preliminary matter, the court observes that nowhere in plaintiff's pleadings does she allege discrimination based on her race. Plaintiff concedes this point in her opposition stating that "[a]lthough Plaintiff may have not have made any allegation of race discrimination on the base [sic] of her race in her Amended Complaint she has provided an abundance of evidence in her sworn deposition testimony that there were clear violations[.]" Plaintiff's Opposition at 29 (citing Exhibit 1 generally). However, neither Plaintiff's Opposition nor plaintiff's deposition transcript contain *any allegations* of discrimination based on race. Viewing the evidence in a light most favorable to plaintiff, the undersigned finds that defendant is entitled to summary judgment with respect to plaintiff's 42 U.S.C. § 1981(a) claim as plaintiff has failed to show racially discriminatory purpose and has simply "invoked race in the course of" opposing the motion for summary judgment.

---

**5.** Plaintiff's claims outside the statute of limitations period cannot be saved, as plaintiff suggests, through the application of a continuing violations theory. All cases cited by plaintiff for the proposition that the continuing violations doctrine is applicable for claims asserted under 42 U.S.C. §§ 1981, 1983 deal exclusively with claims brought pursuant to Title VII, and are silent with respect to the application of the doctrine in other statutory contexts. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct.

2061, 153 L.Ed.2d 106 (2002); *Milton v. Weinberger*, 645 F.2d 1070 (D.C.Cir.1981).

**6.** As it is well established that 42 U.S.C. § 1981 does not provide a cause of action for sex discrimination, the undersigned will accordingly limit its analysis of plaintiff's vaguely pleaded § 1981 claim to allegations of racial discrimination. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

With respect to plaintiff's 42 U.S.C. § 1983 claim, the undersigned finds that defendant is entitled to summary judgment as plaintiff has not established that defendant's "failure to train" resulted in a deprivation of constitutional rights. Section 1983 provides, in relevant part, that

[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. This section does not create any new substantive rights but instead provides a remedy for the violation of federal constitutional or statutory rights. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). To state a claim for relief under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or by federal law, and (2) that the deprivation was committed by a person acting under color of state law. *Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132 (D.D.C.2002)(citing *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir.1990)).

[9] A section 1983 claim is actionable against a municipality only where its "policy or custom" causes the injury giving rise to the claim. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, a municipality cannot be sued under section 1983 where it is only alleged that one of the municipality's employees or agents violated a plaintiff's rights. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "Lo-

cating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

[10, 11] Plaintiff rests her section 1983 claim upon defendant's "failure to train" plaintiff's superiors, which she claims is evidenced by "the fact that they had knowledge of the constitutional violations and assaults occurring in the workplace against Plaintiff Brown however, they failed to do anything." Plaintiff's Opposition at 40. However, the case law is very clear in that "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality ... can a city be liable for such a failure under § 1983." *City of Canton*, 489 U.S. at 389, 109 S.Ct. 1197. Therefore, a plaintiff must do more than "be able to point to something the city 'could have done' to prevent the unfortunate incident." *Id.* at 392, 109 S.Ct. 1197(citation omitted). Instead, a plaintiff must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390, 109 S.Ct. 1197. Because plaintiff fails to offer any evidence to support her allegations of failure to train, specify what training defendant failed to provide its employees, or demonstrate that defendant's actions were "deliberate" and "conscious," the undersigned finds that defendant is entitled to summary judgment with respect to plaintiff's 42 U.S.C. § 1983 claim.

## C. *Plaintiff's Common Law Claims (Counts II, V, and VI)*

Section 12–309 of the District of Columbia Code provides:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

The statute is designed to protect the District of Columbia "against unreasonable claims" while providing "reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C.1978). Section 12–309's notice requirements are to be strictly construed by the court. *Day v. D.C. Dept. of Consumer and Regulatory Affairs*, 191 F.Supp.2d 154, 158 (D.D.C. 2002). "[C]ourts have found that compliance with the requirement is 'mandatory as a prerequisite to filing suit against the District.'" *Sanders v. District of Columbia*, 2002 WL 648965*2 (D.D.C.)(citing *Hardy v. District of Columbia*, 616 A.2d 338, 340 (D.C.1992)).

 Only two types of notice can satisfy the requirements of Section 12–309:(1) a written notice to the Mayor of the District of Columbia, or (2) a police report prepared in the regular course of duty. Plaintiff concedes that she did not provide the Mayor of the District of Columbia written notice; however, she submits that she provided notice to the District, as is required pursuant to D.C.Code § 12–309, through a letter dated February 9, 2000.

Plaintiff's Opposition at 33. Plaintiff states that the "letter was sent to MPD Chief Charles Ramsey, D.C. Corporation Counsel for the District of Columbia, Burt Innis, Police and Fire Clinic and Wilma Lewis, Esq., Office of the United States Attorney." *Id.* at 33. Plaintiff does not state that she satisfied the alternative prong of the exhaustion requirement by filing a "police report." *Id.* Accordingly, the undersigned grants defendant's motion for summary judgment with respect to plaintiff's common law claims (Claims II, V, VI) as plaintiff as failed to comport with notice requirements outlined in D.C.Code. § 1209.

## CONCLUSION

For the foregoing reasons, it is, this _____ day of March, 2003,

**ORDERED** that the Motion of Defendant District of Columbia for Summary Judgment (Docket No. 48) is **GRANTED**; and it is

**FURTHER ORDERED** that judgment is entered for defendant in accordance with the separate Final Judgment filed on this date.

## *FINAL JUDGMENT*

For the reasons set forth in the Memorandum and Order filed on this date, final judgment is hereby entered in favor of defendant with respect to all of plaintiff's claims in this action.