**D'Rayfield Kary–Khame SHIPMAN,**
**Plaintiff,**

**v.**

**NATIONAL RAILROAD PASSENGER**
**CORPORATION (AMTRAK),**
**Defendant.**

**Civil Action No. 14–384 (CKK)**

United States District Court,
District of Columbia.

Signed 03/17/2017

D'Rayfield Kary–Khame Shipman, New Castle, DE, pro se.

Alison N. Davis, Littler Mendelson, P.C., Andrew G. Sakallaris, P. David Larson, William James Delany, Morgan, Lewis & Bockius LLP, Rafique O. Anderson, Office of Employment Counsel, Washington, DC, S. Jeanine Conley, Littler Mendelson, P.C., Philadelphia, PA, for Defendant.

**MEMORANDUM OPINION**

COLLEEN KOLLAR–KOTELLY,
United States District Judge

Pursuant to Local Civil Rules 72.2 and 72.3, this Court referred this matter to Magistrate Judge Deborah A. Robinson for full case management up to but excluding trial, and a report and recommendation on any dispositive motion filed by any party. ECF No. 100. On January 31, 2017, Judge Robinson's [122] Report and Recommendation was entered on Defendant's [104] Motion for Summary Judgment, and the parties were allowed 14 days to file objections to the recommendations made by Judge Robinson. The parties were expressly instructed that the "objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each objection." ECF No. 122 at 13. Plaintiff timely filed objections to the Report and Recommendation on February 13, 2017. ECF No. 123. Defendant opposed those objections, ECF No. 125, and Plaintiff has filed a reply, ECF No. 126.

"Any party may file ... written objections to the magistrate judge's proposed findings and recommendations," and must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). Upon the filing of objections, the "district judge [must] make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made," and may do so "based solely on the record developed before the magistrate judge, or may conduct a new hearing, receive further evidence, and recall witnesses." LCvR 72.3(c). The "district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge, or may recommit

the matter to the magistrate judge with instructions." *Id.*

Plaintiff's objections are not directed at any specific portion of the Report and Recommendation. Rather, Plaintiff relays his generalized concerns regarding racism and other injustices in the United States, and the federal court system more specifically. Although the Court in no way seeks to minimize those concerns, they are not pertinent as a legal matter to the resolution of Plaintiff's lawsuit against Defendant. Accordingly, upon careful consideration of the record in this case and of Magistrate Judge Robinson's well-reasoned and thorough Report and Recommendation, the Court **ADOPTS** and **ACCEPTS** the [122] Report and Recommendation in full, and therefore **GRANTS** Defendant's [104] Motion for Summary Judgment.

An appropriate Order accompanies this Memorandum Opinion.

## REPORT AND RECOMMENDATION

DEBORAH A. ROBINSON, United States Magistrate Judge

Plaintiff commenced this action against Defendant, National Railroad Passenger Corporation ("Amtrak"), alleging that the Defendant discriminated against him on the basis of race, gender, and age, as an "African–American male over 50[,]" by removing the typing requirement from his job description and denying him promotional opportunities. *See* Complaint (ECF No. 1) at 2. Plaintiff also alleges that the Defendant retaliated against him for filing an internal complaint with the Equal

Employment Opportunity Commission ("EEOC").[1] *Id.* at 2. Pending for consideration by the undersigned is Defendant's Motion for Summary Judgment (ECF No. 104). Upon consideration of the motion, the memoranda in support thereof and in opposition thereto, and the entire record herein, the undersigned recommends that Defendant's motion be granted for the reasons articulated below.[2]

## BACKGROUND

Plaintiff D'Rayfield Kary–Khame Shipman began his term of employment with Amtrak as a statistical clerk on January 15, 2006. *See* EEOC Charge (ECF No. 1–1) at 36. After approximately seven years of employment as a statistical clerk with Amtrak, the statistical clerk position was "decertified" and Defendant removed the typing requirement from the position description. *See* Deposition of Thom Chawluk (ECF No. 104–4) at 3; Defendant's Statement of Undisputed Material Facts (ECF No. 104–2) at 1; Exhibit 1 (ECF No. 1–1) at 50–51. Shortly thereafter, Plaintiff was "displaced" and reassigned to an evening shift with the same job description. *See* Displacement Notice (ECF No. 1–1) at 59; *see also* Defendant's Statement of Undisputed Material Facts (ECF No. 104–2) at 2.

On April 3, 2013, Plaintiff requested leave pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654. Declaration of Latoya Warner (ECF No. 110–5) at 2. Plaintiff's request was denied by the Defendant on April 8, 2013 due to insufficient "medical certification." *Id.* at 3. Upon reconsidera-

---

1. Plaintiff's claims against the Equal Employment Opportunity Commission ("EEOC") and the Transportation Communications Union ("TCU") were resolved by the trial court prior to the filing of the pending motion for summary judgment by Defendant National Railroad Passenger Corporation ("Amtrak"). *See* Memorandum Opinion (ECF No. 29).

2. The undersigned has fully reviewed and considered all exhibits and attachments to Plaintiff's submissions, including ECF Nos. 119 and 120.

tion of Plaintiff's request, however, the Defendant found Plaintiff's previous documentation of medical certification sufficient to establish his eligibility for leave and approved his April 2013 request. *Id.* Plaintiff was granted leave and exhausted his twelve-week period of allotted leave under the FMLA. *Id.*

While Plaintiff was on medical leave, the Defendant abolished the statistical clerk position in its entirety due to a decision to automate the delayed reporting system that was previously administered manually by statistical clerks. *See* Deposition of Thom Chawluk (ECF No. 110–3) at 3; Defendant's Statement of Undisputed Facts (ECF No. 104–2) at 3.

On December 4, 2013, Plaintiff filed a charge of discrimination with the EEOC alleging that from April 2013 to September 2013, the Defendant subjected him to differential treatment by: (1) denying him leave under the FMLA in April of 2013 and (2) removing the typing qualification from the statistical clerk position in September of 2013, in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA") and the American with Disabilities Act ("ADA"). EEOC Charge (Exhibit 1) (ECF No. 1–1) at 36.

On March 11, 2014, Plaintiff filed a complaint in this Court, alleging discrimination on the basis of race, gender and age, which resulted in the denial of promotional opportunities, and retaliation for filing an internal complaint challenging the corporation's decision to remove the typing requirement from the statistical clerk position. *See* Complaint (ECF No. 1) at 2. Plaintiff's complaint made no mention of the claims of discrimination based on disability or a violation of the FMLA, which he previously raised at the administrative level. Plaintiff did, however, raise several new allegations in his complaint, claiming that several white employees, who allegedly lacked the requisite typing credentials, were given preferential treatment in attaining employment and promotional opportunities as a result of the removal of the typing requirement. *Id.* Later, by way of his opposition to Defendant's motion for summary judgment, Plaintiff challenged the completeness of the disclosure made by the Defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C.A. § 552, in response to his April 2013 request for documents.

## CONTENTIONS OF THE PARTIES

In its motion for summary judgment, made pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant asserts that Plaintiff failed to establish a prima facie case of discrimination or retaliation under Title VII for the Defendant's removal of the typing requirement, and failed to exhaust his administrative remedies for the claims not addressed in his EEOC charge. Defendant also contends that it disclosed all pertinent documents to Plaintiff in compliance with the requirements of FOIA. Accordingly, Defendant asserts that it is entitled to summary judgment as to each of Plaintiff's remaining claims. *See* Defendant's Memorandum in Support of its Motion for Summary Judgment (ECF No. 104–1).

Defendant's motion for summary judgment is accompanied by a statement of forty-three undisputed material facts asserted in response to Plaintiff's claims, as well as nine additional facts submitted in response to the Court's September 9, 2016 Order requiring supplementation. September 9, 2016 Order (ECF No. 109); Defendant's Statement of Undisputed Material Facts (ECF No. 11–6).[3] Collectively, the

---

3. Upon review of Defendant's motion for

summary judgment, and finding no mention

facts address the removal of the typing requirement, the elimination of the statistical clerk position, the allegations of preferential treatment of white employees, the denial of Plaintiff's FMLA request, the ADEA or ADA claims made in Plaintiff's EEOC charge and the Defendant's FOIA disclosures.

Plaintiff, in his four-page response to Defendant's motion, asserts that he fully "exhaust[ed] all the legal remedies at [his] disposal." Plaintiff's Response (ECF No. 105). Plaintiff's response, however, fails to set forth any statement of facts establishing that a genuine issue exists in the case; nor does he point to evidence in the record in an effort to rebut the depositions and other exhibits on which Defendant relies.[4] Plaintiff does address his dissatisfaction with Defendant's response to his FOIA request, but fails to allege specific facts to rebut Defendant's statement of facts regarding his FOIA claim as well. *See* Plaintiff's Response to Defendant's Motion of Summary Judgment (ECF No. 105) at 2. In its reply to Plaintiff's opposition, Defendant maintains that Plaintiff's memorandum "fail[s] to controvert any or all of the material facts set forth" by Defendant in its motion, and is thus entitled to judgment as a matter of law. Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgement (ECF No. 107).

Upon consideration of Defendant's motion, Plaintiff's opposition thereto, Defendant's reply and the entire record herein, the undersigned finds that Defendant has demonstrated that there is no genuine issue as to any material fact, and that Defendant is entitled to judgment as a matter of law. Accordingly, it is the recommendation of the undersigned that Defendant's motion be granted as to all remaining claims.

**STANDARD OF REVIEW**

 Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jeffries v. Lynch,* 217 F.Supp.3d 214, 225–26, 2016 WL 6783196, at *7 (D.D.C. Nov. 15, 2016). The burden is upon the non-moving party to demonstrate that there are material facts in dispute. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. *Id.*

In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also United States v. Die-*

---

4. by Defendant of Plaintiff's claims of discrimination based on age, disability and gender, or the denial of Plaintiff's request for leave under the Family Medical Leave Act, raised previously in Plaintiff's EEOC charge, the undersigned instructed defense counsel to supplement its motion to address Defendant's position on these claims. *See* September 9, 2016 Order (ECF No. 109).

4. The undersigned advised Plaintiff of his obligation to file his opposition in accordance with this court's Local Rules and the Federal Rules of Civil Procedure. Supplemental Scheduling Order (ECF No. 103) at. 2. Detailed instructions regarding these rules had already been provided by the trial court. Order (ECF No. 16); Order (ECF No. 18).

*bold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Moreover, Federal Rule of Civil Procedure 56 provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). The rule requires that the nonmoving party "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (internal citations and quotations omitted).

■ In the United States District Court for the District of Columbia, motions for summary judgment are governed by Local Civil Rule 7.1(h). Rule 7.1(h) provides, in pertinent part:

> In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

DC R USDCT LCvR 7.1(h). The local rule does not, however, permit this court to "grant judgment 'as conceded' simply because a nonmoving party fails to respond." *Winston & Strawn, LLP v. McLean,* 843 F.3d 503, 507 (D.C. Cir. 2016) (internal citation omitted). In interpreting this rule, the District of Columbia Circuit opined that if the party opposing the motion fails to comply with this local rule, "the district court is under no obligation to sift through the record" and should "[i]nstead ... deem as admitted the moving party's facts that are uncontroverted ...." *Securities and Exch. Comm'n v. Banner Fund Int'l,* 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citation omitted). This Circuit has also affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, stating that a non-movant "... may not rest upon mere allegations or denials of the adverse party's pleading, but ... by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505); *see Scott v. Dist. Hosp. Partners, L.P. & Uhs of Delaware, Inc.,* 220 F.Supp.3d 6, 10–11, 2016 WL 7485682, at *3 (D.D.C. Dec. 29, 2016) ("... self-serving allegations that are generalized, conclusory and uncorroborated do not establish a triable factual issue, at least where one would reasonably expect to see corroboration.") (internal quotations and citation omitted).

The undersigned will first discuss the single claim as to which Plaintiff exhausted his administrative remedies—discrimination under Title VII for the removal of the typing requirement from the statistical clerk position. Next, the undersigned will discuss the basis upon which summary judgment is appropriately granted as to Plaintiff's remaining claims.[5]

---

**5.** It appears to the undersigned that Plaintiff has attempted to articulate a claim under FOIA against Defendant Amtrak. *See* Complaint (ECF 1) at 2. Notwithstanding Plaintiff's repeated reference to "FOIA" or Defendant's disclosure of information in response to Plaintiff's request for documents, Plaintiff has failed to properly plead a FOIA claim in his complaint. *See Ctr. for Pub. Integrity v. U.S. Dep't of Energy,* 234 F.Supp.3d 65, 73,

## DISCUSSION

 "Title VII prohibits the federal government from discriminating in employment on grounds of race or sex . . . and from retaliating against employees for engaging in activity protected by Title VII." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008). In order to establish a prima facie case of discrimination under Title VII under the applicable test, established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, a plaintiff must show that he or she: "(1) belongs to a protected class; (2) suffered an adverse employment action; and (3) that the unfavorable action gives rise to an inference of discrimination." *Brown v. D.C.*, 251 F.Supp.2d 152, 160 (D.D.C. 2003); *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001). In order to establish a prima facie case of retaliation, a plaintiff must show that he or she: "(1) engaged in a statutorily protected activity; (2) suffered an adverse employment action; and (3) there is a causal connection between the two." *Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003).

 After a plaintiff has established a prima facie case of discrimination or retaliation, "the burden then [ ] shift[s] to the employer to articulate some legitimate, nondiscriminatory reason" for the action. *McDonnell Douglas Corp.*, 411 U.S. at 802–03, 93 S.Ct. 1817. Where an employer offers " 'clear and reasonably specific' nondiscriminatory reasons for the adverse employment action . . . the court need not decide whether the plaintiff has made out a prima facie case . . . ." *Royall v. Nat'l Ass'n of Letter Carriers, AFL–CIO*, 548 F.3d 137, 144 (D.C. Cir. 2008) (internal citation omitted). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

### I. Plaintiff Cannot Show That He Suffered an "Adverse Employment Action" by Defendant's Removal of the Typing Requirement

 Plaintiff alleges that he was discriminated against by Defendant, on the basis of race and gender, by the Defendant's act of removing the typing requirement from the statistical clerk position. Plaintiff's Exhibit 1 (ECF No. 1–1) at 36. Defendant contends that Plaintiff has failed to show that he suffered an adverse action as a result of the change in the job qualifications or that the Defendant had a discriminatory purpose for removing the typing requirement. The record confirms Defendant's contention and the undersigned finds that Plaintiff has failed to establish a prima facie case for discrimination or retaliation based on the removal of the typing requirement for the following reasons.

The District of Columbia Circuit has defined an adverse employment action as "a significant change in employment status, such as hiring, firing, failing to pro-

2017 WL 176268, at *3 (D.D.C. Jan. 17, 2017) ("To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records."). Thus, the undersigned has no occasion to review the completeness of Defendant's re-

sponse to Plaintiff's request for documents under FOIA. In any event, the record reflects that Defendant complied with Plaintiff's request and disclosed all pertinent, non-exempt information in its possession. Plaintiff has also failed to offer any evidence to rebut Defendant's justification for any non-disclosure made pursuant to the relevant FOIA exemptions utilized by the Defendant.

mote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Ndondji v. InterPark Inc.*, 768 F.Supp.2d 263, 281 (D.D.C. 2011) (citing *Douglas v. Donovan*, 559 F.3d 549 (D.C. Cir. 2009)) (internal quotations omitted). Here, through Plaintiff's own deposition, Defendant demonstrated that Plaintiff did not suffer a significant change in his employment status as a result of the removal of the typing requirement. The record reflects that Plaintiff retained his same job title and did not incur any reduction in benefits or salary as a result of the removal. *See* Defendant's Statement of Material Facts (ECF No. 104–2) at 2; Plaintiff's Response (ECF No. 105) at 2. The only alteration that occurred with respect to Plaintiff's employment was a transfer to an evening shift, which this Circuit has held does not constitute adverse action "unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of [ ] employment or [ ] future employment opportunities ...." *Jones v. D.C. Dep't of Corr.*, 429 F.3d 276, 281 (D.C. Cir. 2005). Notwithstanding this Circuit's opinion in *Ginger v. District of Columbia*, 527 F.3d 1340, 1344 (D.C. Cir. 2008), which held that a change in shift can constitute an adverse employment actions, here, Plaintiff's pleadings are devoid of any evidentiary support for the allegation that he suffered "objectively tangible, not [p]urely subjective" harms as a result of the change in shift. *Id.* (internal citation omitted). Indeed, Plaintiff, when he was deposed, stated that "[i]f anything, [he] earned more money on the night shift." Defendant's Memorandum (ECF No. 104–1) at 6, n. 3.

Further, the undersigned finds that the consequences described by Plaintiff, including "financial hardship" and "personal harm[,]" concern the impact of the reassignment upon him, rather than any change by his employer in the terms, conditions or privileges associated by with employment. Having proffered no statement of facts in support of his contention and having made no other effort to rebut the statement of facts proffered by the government, the undersigned finds that Plaintiff cannot establish a prima facie case of discrimination or retaliation under Title VII, where Plaintiff has failed to allege any factual circumstances that constitute an adverse employment action as required by Title VII.[6] Even assuming, *arguendo*, that the court were to regard the elimination of the typing requirement as an adverse employment action, summary judgment would nonetheless be warranted as a consequence of Plaintiff's failure to point to evidence in the record showing that the proffered reason for elimination was a pretext for discrimination.

## II. Summary Judgment is Appropriate with Respect to Plaintiff's Remaining Claims

■ Plaintiff alleges in his complaint that he was "denied promotional opportunities" and retaliated against by Defendant for "filing an internal complaint." Com-

---

6. The undersigned notes that Plaintiff, in his original EEOC charge, alleged discrimination on the basis of age and disability. Because a discrimination claim brought under the ADEA and the ADA also requires Plaintiff to prove that he suffered an adverse employment action despite his qualifications and performance, the undersigned finds that, even if Plaintiff's claims were properly pled and exhausted, Plaintiff has failed to establish a prima facie case of discrimination under the ADEA and ADA as well. *See Hall v. Giant Food, Inc.*, 175 F.3d 1074, 1077 (D.C. Cir. 1999); *see also Mianegaz v. Hyatt Corp.*, 319 F.Supp.2d 13, 19 (D.D.C. 2004).

plaint (ECF No. 1) at 2. Additionally, Plaintiff asserts that white employees were given preferential treatment in hiring and promotion due to the removal of the typing qualification requirement. *See* Complaint (ECF No. 1–1) at 1. In Plaintiff's response to Defendant's motion for summary judgment, Plaintiff raises a third claim of discrimination, arising from the elimination of the statistical clerk position entirely. The undersigned finds, however, that Plaintiff failed to undertake the required steps of administratively exhaust these claims, and thus any claim not raised in an EEOC charge, is not ripe for consideration before this Court.

■ In the EEOC administrative context, "a plaintiff must exhaust h[is] administrative remedies pursuant to the comprehensive EEOC regulations before filing suit." *Brown v. D.C.*, 251 F.Supp.2d 152, 161 (D.D.C. 2003). Accordingly, the scope of claims cognizable in a subsequent Title VII suit are limited to those "allegations that were contained in an EEO complaint" or those "like or reasonably related to the allegations of the charge and growing out of such allegations." *Maryland v. Sodexho, Inc.*, 474 F.Supp.2d 160, 161–62 (D.D.C. 2007); *Rattigan v. Gonzales*, 503 F.Supp.2d 56, 69 (D.D.C. 2007). Upon review of the record, the undersigned finds that Plaintiff did not include these claims of discrimination in his original EEOC charge; rather, Plaintiff specifically stated that the adverse action he incurred arose from Defendant's "denial of his FMLA" claim and "the removal of the typing requirement." *See* Exhibit 1 (ECF No. 1–1) at 36. Plaintiff makes no mention in his EEOC charge of discrimination in hiring or promotional opportunities on the basis of race, gender or disability. *See id.* Additionally, as Defendant contends, the elimination of the statistical clerk position occurred after the filing of Plaintiff's EEOC

charge in December of 2013, and thus, could not have been contemplated in Plaintiff's administrative charge. Where, as here, the additional discriminatory acts alleged by Plaintiff in his complaint were not articulated in the administrative charge, are not reasonably related to the allegations in the charge, and do not fall within the scope of any administrative investigation that can reasonably be expected to follow, Plaintiff may not proceed with these additional claims without first exhausting the administrative process. *See Cooper v. Henderson*, 174 F.Supp.3d 193, 204 (D.D.C. 2016).

As it pertains to the remaining claims made pursuant to the FMLA, or for discrimination on the basis of disability, age or gender, originally raised in Plaintiff's EEOC charge, upon review of Plaintiff's complaint, the undersigned finds no further mention of these claims. *See.* Exhibit 1 (ECF No. 1–1) at 36. The mere mention of the words "African–American[,]" "male over 50[,]" or "disabled veteran" in Plaintiff's written submissions does not circumvent the pleading requirement or Plaintiff's obligation to establish a prima facie case of discrimination under Title VII, the ADA, or the ADEA. Likewise, Plaintiff has failed to establish a prima facie case under the Family Medical Leave Act. *See Skrynnikov v. Fed. Nat'l Mortg. Ass'n*, 226 F.Supp.3d 26, 35–36, 2017 WL 44168, at *7 (D.D.C. Jan. 3, 2017) ("To state a claim of interference under the FMLA . . . a plaintiff must establish: (1) that his employer interfered with his exercise of protected rights and (2) that the interference caused prejudice.").

Notwithstanding the court's lenient interpretation of *pro se* pleadings, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993), the undersigned finds that Plaintiff has failed to properly plead a cognizable claim of discrimination on the

basis of race, gender, age or disability, or for wrongful denial of the FMLA, and has failed to rebut Defendant's statement of facts or "identify the specific facts which demonstrate that there is a genuine issue for trial" as to these claims. *Hayes v. Principi*, 284 F.Supp.2d 40, 45 (D.D.C. 2003).

## CONCLUSION

With respect to the single claim administratively exhausted by Plaintiff, the undersigned concludes that Plaintiff has failed to identify, in accordance with the applicable authorities, any genuine issue for trial. The undersigned further concludes that as to all remaining claims, Plaintiff has failed to exhaust his administrative remedies.

It is therefore, this 31st day of January, 2017,

**RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 104) be **GRANTED**.